COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


CHRISTINE E. DAVIS
                                          OPINION BY
v.   Record No. 2951-99-4        JUDGE JERE M. H. WILLIS, JR.
                                        JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  William T. Newman, Jr., Judge

           Clark E. Brodersen for appellant.

           John H. McLees, Jr., Senior Assistant
           Attorney General (Mark L. Earley, Attorney
           General, on brief), for appellee.


     Christine E. Davis (appellant) was convicted by a jury of

possession of more than five pounds of marijuana with the intent

to distribute, a violation of Code § 18.2-248.1.  On appeal, she

contends that the trial court erred in allowing a detective to

testify about drug courier mannerisms.  We hold that the trial

court erred in admitting the testimony, but that this error was

harmless.  Therefore, we affirm the judgment of the trial court.

                    I.   BACKGROUND

     On February 13, 1999, a drug task force team, composed of

Arlington Police Detectives Lowell Tolliver and Gregory Bender,

was investigating illegal drug traffic at Reagan National

Airport.  Detective Tolliver had received a tip from a drug task

force officer in El Paso, Texas that a named suspect

transporting marijuana would arrive in the late afternoon on a Delta Airlines flight.  The suspect was described as a black woman wearing a long green dress and white tennis shoes, who had checked two bags, one large and one small.

The detectives confirmed that the named person was on the flight and had checked two bags.  When the plane landed, Detective Tolliver intercepted the bags before they were taken to the luggage carousel.  A narcotics dog sniffed but did not alert on the two bags.

The two bags were then sent to the luggage carousel, which Detective Bender kept under surveillance.  Davis was there, matching the description the detectives had been given earlier by the El Paso, Texas officer.  She waited until most of the other passengers had claimed their bags.  She then retrieved the smaller bag, but was unable to find the larger bag because it had been removed from the carousel by a skycap.  She began to leave without the larger bag.

Detective Tolliver approached Davis and identified himself.  He explained his mission and asked her for identification.  She gave him her driver's license, airline itinerary, and two baggage claim checks.

At first, Davis told the officers that the small bag was her only bag.  Detective Bender retrieved the larger bag and pointed out to Davis that it had her name on it, that she had two claim checks, and that one of the claim checks matched the

-

number on the larger bag.  Davis then admitted that she had checked both bags, but stated that someone else had packed the larger bag and given it to her to transport.

Davis consented to the detectives' search of the two bags. Inside the larger bag, they found twenty-eight "bricks" of marijuana wrapped in blankets and plastic and surrounded by dishwashing liquid.  The smaller bag contained no drugs.  Davis was arrested and charged with possession of more than five pounds of marijuana with the intent to distribute.

During the trial, Detective Bender was asked, "[a]re there any particular mannerisms that would indicate more likely than not that somebody was carrying drugs?"  Davis objected based on relevancy grounds but was overruled.  Detective Bender answered:

> [s]omething I would look for that would be
> indicative of a drug courier or smuggler
> would be somebody that would purchase a cash
> one-way ticket primarily from a source
> state, California, New Mexico, western
> coast, Florida, New York.
>
> The ticket would be paid for in cash,
> usually one-way travel, what we call quick
> turnaround, somebody flying from the west
> coast to the east coast, which is a six-hour
> flight.  They would be in Washington, D.C.,
> less than 12 hours and then turn around and
> go right back.

When asked whether the route a person took could indicate that he was a drug courier, Detective Bender responded:

> [s]ometimes the individuals know that the
> law enforcement concentrates on those source
> cities, in particular the West Coast or
> Texas, and what they will do is they will

-

> book a flight to a non-source city that the law enforcement is not concentrating so heavily on.
>
> A lot of times they will fly into Kansas or Detroit just in order to avoid being detected by a law enforcement officer, I guess.

On appeal, Davis contends that the trial court committed reversible error by admitting Detective Bender's testimony about drug courier mannerisms because that testimony had no probative value, or if it did, its probative value was outweighed by its prejudicial effect.

## I. ADMISSIBILITY OF EVIDENCE

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

The questioned testimony was underlain by no validating foundation. The questions to Detective Bender and his answers were couched in terms of personal speculation, not in terms of profiles developed by observation and experience. The characteristics described by Detective Bender were too general to be of legally recognizable value. Those characteristics

-

could apply equally and indiscriminately to the guilty and the innocent alike.  Those characteristics were not described as having regular use and usefulness in police investigation of illegal drug traffic.

In prosecuting Davis, the Commonwealth had no need to explain drug courier mannerisms.  Davis was caught with a suitcase of marijuana.  Detective Bender's description of drug courier characteristics had little if any probative value in her case.  Rather, the suggestion that Davis fit an unsubstantiated profile injected into her case an issue that had no bearing on her guilt or innocence of the crime charged.  The trial court erred in admitting Detective Bender's testimony regarding drug courier mannerisms.

## II.  HARMLESS ERROR

Error is harmless when "'it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).

The remaining evidence in the record overwhelmingly proved Davis' guilt.  Davis fit the tip provided by the El Paso, Texas officer.  She was carrying over five pounds of marijuana in a bag to which she had the claim ticket.  The numbers on the claim ticket matched the numbers on the bag.  The bag had a tag with her name on it.  After first denying claim to the larger bag,

-

she admitted that she had checked it.  The drug courier characteristic description was not applied to her.  Thus, the trial court's error in admitting the drug courier testimony was harmless.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>