COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


THOMAS L. SWITZER

MEMORANDUM OPINION[*]

v.      Record Nos. 1986-10-3                PER CURIAM
                                             SEPTEMBER 27, 2011

PAULA FRIDLEY, SAMUEL SMITH, JODI SMITH,
 WILLIAM SWITZER AND CARLEEN SWITZER


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

(Thomas L. Switzer, *pro se*, on brief).

No brief for appellees.


Thomas L. Switzer appeals several rulings by the trial court addressing numerous motions,

pleadings, petitions, and other documents filed by Switzer from October 2009 until August 2010.

Upon reviewing the record and opening brief, we conclude that this appeal is completely without

merit.  Accordingly, we summarily affirm the decisions of the trial court.  See Rule 5A:27.

BACKGROUND

In 1996, Switzer and Paula Fridley, formerly Paula Switzer, had a child.  The Department of

Social Services removed the child from the parents' home when he was very young due to the

parents' mental and emotional problems and violent acts committed against each other.

By order dated March 7, 2000, the Augusta County Circuit Court awarded custody of the

child to Samuel Smith and Jodi Botkin, now Jodi Smith.  Switzer appealed that decision to this

Court.  Switzer argued, *inter alia*, that the Smiths were not proper parties and that Code

§§ 16.1-241(A) and 20-124.1 are unconstitutional.  We concluded that Switzer's appeal was without

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

merit and summarily affirmed the trial court. See Switzer v. Smith, Record No. 0779-00-3, 2001 Va. App. LEXIS 454 (Va. Ct. App. July 31, 2001). Switzer appealed that decision to the Supreme Court of Virginia, which refused Switzer's appeal. Switzer v. Smith, Record No. 012108 (Va. Feb. 26, 2002).

The child has lived continuously with the Smiths since custody was transferred to them. During the last eleven years, Switzer has filed numerous pleadings and documents challenging, *inter alia*, the prior custody and visitation decisions, seeking to regain custody and expand visitation, and challenging a protective order prohibiting the release of the child's academic and health records to persons other than those having legal and physical custody.

By order dated May 29, 2010, the trial court "ended all cases" relating to Case Files CH99000179, CJ03000027, CJ03000046, CH04000383, and CJ07000046 and "remanded all further matters concerning custody and visitation of [the child] to the J&D Court."

Beginning in October 2009, Switzer began filing motions, pleadings, and other documents in the J&D court. The trial court conducted hearings on June 21, 2010, and August 10, 2010, to address the many pleadings, motions, and documents filed by appellant since October 2009. In an opinion letter dated October 4, 2010, the trial court set forth a detailed factual and procedural history of the case. Although Switzer timely filed a proposed statement of facts pursuant to Rule 5A:8(c), the trial court found it "incomplete" and ruled that it "addresses matters not before the Court at the hearing, contains legal conclusions and arguments, and, in some regards, is inaccurate." As a result, pursuant to Rule 5A:8(d)(2) and (3), the trial court corrected the defective statement of facts in its October 4, 2010 opinion letter, and adopted its correction as the "more accurate and complete statement of facts of the proceedings before this Court."

SWITZER'S ASSIGNMENTS OF ERROR

Switzer "assigns error to the Trial Court's ruling on each of the questions of law [listed] below and this Court's ruling on the underlying issues in prior proceedings." He states that the issues presented in the appeal are as follows:

> 1) This court upon review should reconsider its related prior opinions, issue a published opinion in this case, appoint counsel to file amended briefs, stay the award of custody to the Smiths and set a date for oral argument on the issue of the standing of legal strangers to file petitions for custody and visitation in Virginia.
>
> 2) The Trial Court erred and abused its discretion when it denied my petition for modification of the March 2000 order.
>
> 3) The Trial Court did not have jurisdiction to impose the sanctions on the appellant that it imposed.[1]

SWITZER'S ARGUMENTS

We address Switzer's arguments and sub-arguments in the order in which he presented and argued them in his opening brief.

> I. This court should reconsider its prior opinions, issue a published opinion in this case, appoint counsel to file amended briefs, and set a date for oral argument on the issue of the standing of legal strangers to file petitions for custody and visitation in Virginia.
>
> A. This appeal involves important questions of law including (but not limited) to standing of certain classes of individuals to file petitions for child custody and visitation in Virginia.

Switzer asks this Court to reconsider its "prior opinions" rather than assigning any specific error to the rulings made following the June 2010 and August 2010 hearings. However, we will treat his request as assigning error to the trial court's ruling on December 21, 2010, dismissing his motions "to amend an order of th[e trial court] entered March 7, 2000, addressing custody of [the child]" in Case No. CJ1000002.

---

[1] Switzer used Arabic numbers to designate his three main assignments of error, but lists them in his argument using Roman numerals.

Citing North Carolina law, Switzer asks this Court to reopen the March 7, 2000 case and apply a policy barring "unrelated third parties like Samuel and Jodi Smith" from petitioning the court for custody. Switzer asserts that he was denied his constitutionally protected parental rights, "the award of custody to strangers is never in a child's best interest despite evidence to the contrary," and the Smiths obtained custody of his son illegally.

At the August 10, 2010 hearing, Switzer argued that "[s]tate courts have no power to entertain custody brought by third parties."[2] The trial court ruled "to the extent that Switzer was challenging the Smiths' standing to seek custody of the Child, it is a matter which has been litigated (and re-litigated), and it is *res judicata*."

In 2007, this Court ruled on this identical issue. See Switzer v. Switzer, Record Nos. 0612-05-3 & 1122-05-3, 2007 Va. App. LEXIS 440 (Va. Ct. App. Dec. 11, 2007). In Record No. 0612-05-3, Switzer appealed the trial court's decision to grant Paula Fridley, the child's mother, a divorce from Switzer and the trial court's denial of Switzer's motion to adjudicate the custody issue. As we ruled then, and as we reiterate now,

> *Res judicata* "precludes the relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989). "In the absence of a material change in circumstance, reconsideration [of custody] . . . would be barred by *res judicata*." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). At the divorce hearing, Thomas never claimed a material change in circumstances. Instead, he sought to relitigate the March 2000 custody decision and to recast in this appeal the custody issues raised in his prior appeals. However, Thomas has heretofore exhausted his right to appeal the custody award entered by the trial court in March 2000. See Switzer v. Smith, Record No. 0779-00-3, 2001 Va. App. LEXIS 454 (July 31, 2001) (Court of Appeals of Virginia affirming trial court's award of custody to Smiths); Switzer v. Smith, Record No. 012108 (February 20, 2002)

---

[2] This recitation of appellant's argument was taken from the trial court's October 4, 2010 letter opinion.

(Virginia Supreme Court refused appeal of permanent custody
award to Smiths).

Id. at *6-*7 (holding that "the trial court did not err in finding that [Switzer] is barred by *res judicata* from relitigating the prior custody determination" that had "been fully and finally litigated"). That determination was valid then and remains so now regarding Switzer's most recent attempts to relitigate the decision giving custody to the Smiths and challenge the Smiths' standing. Accordingly, the trial court did not err in finding that Switzer is barred by *res judicata* from relitigating the Smiths' standing.

> II. The Trial Court erred and abused its discretion when it denied
> my petition for modification of the March 2000 order and refused
> to hold the Smiths in contempt.

> A. The Trial Court erred by concluding Va. Code § 16.1-241, Va.
> Code § 16.1-278.15(B) and Va. Code § 20-124.1 are constitutional.

Switzer raised this identical issue in his appeal of the March 2000 custody determination. See Switzer, 2001 Va. App. LEXIS 454. Relying on the same case law cited by appellant here, we upheld the trial court's determination that the statutes in question were constitutional. Accordingly, Switzer is precluded from relitigating that issue under the doctrine of *res judicata*, and the trial court did not err in so ruling.

> B. Samuel and Jodi Smith have no legal standing to petition for
> custody or visitation of my child.

This is the same issue raised in Assignment I.A. and is barred by *res judicata*.

> C. The Trial Court has erred and abused its discretion by adopting
> an approach in determining standing that would give legal
> strangers and non-parent relative parties the same rights as parents
> without adoption proceedings.

This is the same issue raised in Assignment I.A. and is barred for the same reason, namely, *res judicata*.

> D. The Trial Court has erred and abused its discretion by adopting
> a case-by-case approach in determining standing that would violate
> the constitutional rights of all parents.

Switzer combined his standing argument with his constitutional argument, both of which were finally settled and are *res judicata*. Accordingly, we do not address this assignment.

> E. The Trial Court erred and abused its discretion by concluding that the allegations in the Smiths' custody petition were sufficient to grant them standing.

The issue of the Smiths' standing involves the same issues raised in Assignment I.A. and Assignment II.B. and is barred by *res judicata*.

> F. The Trial Court erred by denying Appellant's Motion to treat Paula (the mother) as an incompetent.

In its October 4, 2010 opinion letter, the trial court explained that, on February 22, 2010, Switzer filed a motion "to treat Fridley as a person under a disability." Because "Switzer's most recent information regarding Fridley's mental capacity was from 1996," the trial court denied the motion.

The trial court also explained that, on April 6, 2010, Switzer filed a "Motion for a Summary Judgment," in which he moved to declare his ex-wife, Paula Fridley, "a person under a disability for purposes of this matter." The trial court explained that Switzer "withdrew the motion on June 21[, 2010]," which was the date at which the trial court first heard Switzer's pending motions and pleadings.

Because Switzer had no recent evaluations or evidence relating to Paula's mental capacity, the trial court did not err in denying his motion to treat her as a person under a disability.

Regarding Switzer's subsequent motions to declare her under a disability, the record shows and Switzer conceded in his petition he "withdrew them."

> G. The Trial Court did not have jurisdiction to enter and enforce the document entitled EPO.

On January 11, 2008, the trial court entered an emergency protective order prohibiting the release of the child's academic or health records to anyone other than persons having legal and physical custody of the child.

Switzer appealed the issuance of the emergency protective order to this Court. See Switzer v. Fridley, Record No. 0345-08-3, 2009 Va. App. LEXIS 87 (Va. Ct. App. Feb. 24, 2009). This Court summarily affirmed the trial court's decision because Switzer failed to "make a record and obtain a transcript or signed written statement of facts" to present to this Court. Id. at *5. "Absent a proper record," this Court was "unable to address the issues raised." Id. at *6.

On June 29, 2010, appellant filed a motion entitled, "Motion to Amend the EPO or for Legal Custody." Appellant argued that the "appellant [sic] courts" that previously heard his appeal on the matter "did [not][3] rule on the constitutional questions surrounding entry of this [emergency protective] order."

In its October 4, 2010 opinion letter, the trial court explained that Switzer's challenges to the validity of the emergency protective order have "been through the appellate process," and the decision by the trial court was affirmed.

We agree with the trial court's determination that the matter has been thoroughly litigated through the appellate process, and we affirm that decision. Appellant failed to present a sufficient record from which the Court could determine the issue on appeal, and we are barred from addressing that issue now under the doctrine of *res judicata*. Accordingly, the trial court did not err in so holding.

> H. The Trial Court erred and abused its discretion by concluding the issue of the legal standing of Samuel and Jodi Smith to file a custody petition in regard to the appellant's child and the EPO is Res Judicata.

---

[3] Although Switzer wrote in his motion that this Court "did rule on the constitutional questions," we assume he intended to write that the Court did not rule on those issues.

The issue of the Smiths' standing involves the same issues raised in Assignment I.A., Assignment II.B. and Assignment II.E., and is barred by *res judicata.*

As explained in Assignment II.G., Switzer's appeal of the emergency protective order was affirmed on appeal in 2009, and further consideration is barred under the doctrine of *res judicata*.

> I. The Trial Court erred by not finding the Smiths guilty of contempt.

Appellant argues that the trial court erred in refusing to find the Smiths in contempt for violating the terms of visitation.

In its October 4, 2010 opinion letter, the trial court denied Switzer's "motion[] to show cause" because "[t]here was no evidence that the Smiths had violated the terms of the Custody and Visitation Order."

The only statement of facts signed and approved by the trial court was the October 4, 2010 opinion letter. See Rule 5A:8. Absent evidence in the record that the Smiths violated the visitation order, we cannot say the trial court erred in denying that motion.

> J. The Trial Court erred and abused its discretion by failing to make a determination based on current evidence.

Switzer claims "[e]ven if the trial court was correct in determining that [he] must demonstrate a change in circumstances, it erred in its determination." He then argues that "the March 2000 court relied on the opinions garnered via expert analysis and discovery,"[4] but that, however, the trial court "abused its discretion by not permitting [Switzer] to have necessary

---

[4] Throughout his brief, Switzer cited to "the attached opinion letter," followed by hyphenated page numbers, yet he failed to indicate what the second number represented. In this assignment of error, Switzer cites to "page 9-9 and 13-3" of the opinion letter. On pages 8 through 10 of the opinion letter, the trial court discusses nineteen numbered "ancillary pleadings or documents filed prior to the hearing on June 21, 2010" relating to File No. CJ1000002.

Pleading number 9, listed on page 9 references a May 18, 2010 "Motion to Compel Discovery from the Smiths." The trial court explained that "[t]here was no evidence of a

discovery including access to records as a result of the EPO, psychological evaluations, and coining the term 'trigger date.'" Switzer defines the term "'trigger date' [a]s the date the most recent case is heard so any evidence prior to that date is forever barred from consideration in future proceedings." According to Switzer, the trial court used that term "to bar any review of the history of the evidence in this case including any of the behaviors that may have a negative impact on the child including the Smiths lack of cooperation with [Switzer]" and the fact that his son is now "much older." In concluding his argument, and without reference to any legal authority, Switzer claims the "March 2000 order is old and outdated and therefore does not reflect the current circumstances."

In its October 4, 2010 opinion letter, the trial court discussed Switzer's motion "to reconsider its decision as to the date from which Switzer must prove a change in circumstances," and explained:

> Switzer did not argue that the date was wrong; rather, he argued that it was unnecessary for him to prove a change in circumstances at all. In support of that proposition, he cited Ford v. Ford, 371 U.S. 187 (1962).

The trial court concluded "that the decision in Ford had no application to this case."

---

certification that Switzer had in good faith conferred or attempted to confer with the Smiths in an effort to resolve the dispute without court action," and thus, the trial court "took no action."

Page 13 of the opinion letter lists, *inter alia*, three pleadings/motions in File No. CJ1000054, -55, and -57. Number 3 lists a "Motion to amend to Show Cause," filed on July 20, 2010. There, the trial court explained, "[t]his is a motion for the Smiths to show cause why they should not be held in contempt for 'failing to provide visitation while this case was pending as ordered by the Court'" in the custody and visitation order. The trial court found the letter was a copy of one sent to the court on July 12, 2010, requesting the Smiths to supply insurance information based on Switzer's request that the child participate in counseling. The trial court denied that motion because "the Custody and Visitation Order did not require that." Instead, the "Order provided, *inter alia*, that Switzer was to 'submit in writing for approval to [counsel for the Smiths] the name of a qualified person willing to supervise and train him during visitations.'"

Neither of the pages and numbered paragraphs/motions indicated Switzer objected to the failure of the trial court to make its determination on current evidence.

Because Switzer's argument on this assignment of error relates solely to the evidence presented to establish a change in circumstance to amend custody and visitation, we review the summary of evidence presented at the August 10, 2010 hearing contained in the trial court's opinion letter.

Terri Switzer, Switzer's current wife, had two children before she married Switzer, both of whom were teenagers at the time of the hearing. She stated she would be available to assist Switzer if he were awarded custody or expanded visitation with his son. Terri also testified that, although Switzer has not physically assaulted her children, she has to protect her children from Switzer when he "is being overly aggressive" with them. Terri obtained a protective order in 2009 following a "verbal altercation" between Switzer and Terri's son because "she was fearful of what Switzer would do to her son." Terri admitted testifying at that time that she was in fear of harm from Switzer and fearful for her children.

Switzer testified that the incident resulting in the protective order was "strictly verbal," and "was bad timing." Switzer also "testified that he does not believe that the Smiths are acting in [his son's] best interests" and accused them of being "guilty of parental alienation" for limiting his access to the child. Switzer "acknowledged that the custody and visitation order has been in effect for ten and one-half years and that it limits him to supervised visitation for two hours one day a week," and it "does not provide for telephone contact." Although Switzer identified three possible persons or agencies, other than his present wife, Terri, to supervise his visitation, the trial court stated:

> First was the Center for Family Counseling, but it will no longer provide the service. [Switzer] could not recall the second person he proposed, although he surmised that it might be Janice Burner and recalled that he made that suggestion "a couple of months" prior to the hearing. The third possible supervisor he suggested was identified in a letter dated August 4, [2010], only six days prior to the hearing. Nevertheless, Switzer testified that he has

made other efforts to identify a visitation supervisor, without success (an assertion which Terri corroborated).

Finally, Switzer "testified that he spent ten and a half years pursuing this case, and his lack of success is the fault of the Smiths and his parents."

"Switzer called Samuel Smith as an adverse witness," and Smith "acknowledged that he has not allowed contact by Switzer with [the child] other than as prescribed by the Custody and Visitation Order." Smith also stated that he has intercepted numerous notes Switzer sent to the child "encouraging the Child to run away from the Smiths" and promising he would have Smith arrested. According to Smith, "99%" of the letters contained inappropriate content.

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003). "The second prong . . . underscores the importance we place upon securing the best interests of children whose interests, in the final analysis, must be protected by the courts." Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983).

After hearing evidence, the trial court dismissed "the motions to amend custody and visitation," finding "there was no evidence of any substantial change in circumstances or, if there were, there was no evidence that it would be in the child's best interests to amend the order as to either custody or visitation." In fact, the "only evidence that Switzer offered was that his wife, Terri, was willing to assist him on any custodial or expanded visitation arrangement which the Court might approve." However, because Terri filed for custody in October 2007, in File No. CJ0700046, which motion was dismissed at trial and on appeal, the trial court found her willingness to assist did not constitute a change in circumstances. Moreover, the subsequent

- 11 -

incidents between Switzer, Terri, and Terri's children failed to show that a change in custody would be in the child's best interests.

Furthermore, Switzer did not deny he sent inappropriate correspondence to the child, including "discovery interrogatories" on July 4, 2009, while the case was pending in the trial court. Finally, the trial court noted that, at the time of the August 2010 hearing, Switzer "has not seen the Child for two and a half years," and "his failure to do so [wa]s a result of his intransigent unwillingness to acknowledge that the Custody and Visitation order is a lawful one and that he must comply with its provisions." The trial court noted that Switzer "has assiduously declined to address the substantive factual issues in the case," and he has offered no evidence that he has received services or skills enabling him to better parent the child. Rather than presenting evidence of a positive change in circumstances, Switzer continues to challenge the final custody order entered on March 7, 2000 and "argues that he has an unqualified right to custody of the Child."

"With respect to visitation," the trial court found that "all the considerations applicable to the issue of custody apply. Moreover, Switzer's evidence showed that, over the past decade, he has done nearly nothing to comply with his obligation to identify a person or entity to supervise visitation."

The trial court conducted two hearings on June 21, 2010, and August 10, 2010, at which appellant had the opportunity to present "current evidence" regarding his motions to amend custody and visitation. After doing so, the trial court denied the motions. The record fails to show the trial court improperly limited appellant's evidence in seeking a change in custody and visitation, and the evidence supports the trial court's rulings. Accordingly, the trial court did not err or abuse its discretion.

> K. The Trial Court erred and abused its discretion by implying that the amount of time that appellant's son has lived with the Smiths is a bar to appellant's regaining custody of him.

Switzer's four-sentence argument on this assignment of error concludes with the following: "In this case, there were no expert opinions stating that my son would be harmed by a change in custody." Switzer cited "the attached opinion letter page 14-1" to indicate trial error. Page 14 of the opinion letter contains a summary of eight numbered procedural issues argued and ruled on at the August 10, 2010 hearing. Issue number 1 on page 14 is entitled "Parental Rights are protected by the Constitution." The trial court explained that, "[a]lthough the presumption favoring a parent over a non-parent is strong, it is rebutted when certain factors, such as parental unfitness, are established by clear and convincing evidence. Bailes v. Sours, 231 Va. 96, 100 (1986). In this case, the Court has found Switzer to be unfit. See Switzer v. Switzer, 2001 Va. App. LEXIS 45[4]."

Nothing cited by Switzer shows that the trial court relied on the length of time that the child has lived with the Smiths to bar his "regaining Custody." Moreover, our review of the court's opinion letter fails to show the trial court ruled in such a manner. Accordingly, we deny this assignment of error. Furthermore, despite his allegation there was no expert testimony regarding his son, Switzer failed to assign error to the lack of expert opinions. Therefore, we do not address that argument. See Rule 5A:18.

> L. The Trial Court erred and abused its discretion by requiring that Switzer pay a counselor to have visitation unless Switzer can afford the fee.

Appellant states that the requirement that he pay to have someone present during visitation "is entirely unreasonable given [his] financial status."

In his "Motion to Amend and for Pendente Lite Visitation," filed on June 14, 2010, Switzer argued for visitation with his son "by phone, mail, internet, computer and in person"

while he is with Switzer's parents. He further claimed that visitation is a "residual parent right," and visitation with his child while the child is with Switzer's parents denied him the benefit of the "parent-child relationship presumption." Switzer argued that the Smiths and his ex-wife have "effectively terminated [his rights] without due process and there [sic] only justification is there [sic] own personal biases." He concluded by arguing, "[t]here is no opinion by a qualified professional and no opinion of a court giving justification to these actions."

Although the custody and visitation order required Switzer to obtain a person or entity to supervise his visitation, nothing in the order requires he pay for such services.[5] The trial court's opinion letter does not reference any arguments by Switzer regarding his financial inability to obtain a responsible person or entity to supervise visitation pursuant to the custody and visitation order, nor has Switzer established he cannot obtain a supervisor without paying for the service or how much such a service might cost or whether entities would provide the service for indigent parents.[6] Absent any argument referenced in the record pertaining to his inability to afford a supervisor for visitation, we are precluded from addressing it for the first time on appeal. See Rule 5A:18.

> M. The Trial Court erred by permitting appellant's parents visitation to replace appellant's visitation.

Switzer concedes he did not "question [his] parents in court in this proceeding, [but] [he] believe[s] the Smiths and the Trial Court's actions when I requested a custody and visitation

---

[5] In its opinion letter, the trial court explained that the order required that Switzer "'submit in writing for approval to [counsel for the Smiths] the name of a qualified person willing to supervise and train him during visitations,' and that their approval of that person was not to be unreasonably withheld."

[6] At the hearing on August 10, 2010, Switzer "testified he has made other efforts to identify a visitation supervisor, without success." However, he failed to argue that he could not obtain the service because he was indigent.

evaluation reveal how they prefer to promote my child's relationship to others at the expense of my relationship with my son and the primacy of the parent-child relationship in general."

Switzer claims his son has "better things to do than be forced against his will to visit with [his paternal grandparents]," and he suggests "this is something that should be evaluated in a current evaluation and a factor the Trial Court should consider in removing my child from the Smiths home to live with me." However, he concedes "[t]here is no Show Cause in the record filed in regards to [his] parent's visitation."

In its opinion letter, the trial court addressed Switzer's "Motion to Suspend Grandparent Visitation" filed in the trial court on July 16, 2010, in File No. CJ1000054. The court denied the motion, ruling "[t]his was not a matter on appeal, and any such motion would have to be initiated in the Juvenile and Domestic Relations District Court."

By order dated May 29, 2010, the trial court remanded all further matters concerning custody and visitation of the child to the juvenile and domestic relations district court. Because Switzer failed to file the initial motion in the juvenile court, there was nothing to appeal in the trial court. Accordingly, the trial court did not err in denying the motion on that basis.

> III. The Trial Court did not have jurisdiction to impose the sanctions on the appellant that it imposed.

> A. The Trial Court did not have jurisdiction to sanction the Appellant and the evidence in the Record does not support the need for sanctions.

After ruling on all the issues in its opinion letter, the trial court held that it intended to sanction Switzer by "imposing limits on his ability to continue to pursue this case on matters that have been decided against him." The trial court found that Switzer

> has abused the judicial system by asserting meritless claims, he has caused this Court to spend valuable and limited resources entertaining his frivolous litigation, he has harassed the other parties in the case simply by causing them to participate, and he has caused them needless expense and anxiety on matters which

- 15 -

have been addressed and resolved by this Court, the Court of Appeals, and the Virginia Supreme Court.

The trial court said it would include the sanctions in the three orders entered following the 2010 hearings and ruled as follows:

> The Court orders will put Switzer on notice that, prior to his (a) filing pleadings in this Court concerning the issues of custody and visitation with [the child] or (b) appealing such issues to this Court from orders entered in the J&D Court, it will be necessary for him to obtain permission from the Court for the purpose.

Switzer argues that the holding by the Supreme Court in Switzer v. Switzer, 273 Va. 326, 641 S.E.2d 80 (2007), "forbids any action by an inferior court that could have the potential of barring the Appellant from exercising his right of Appeal." He also contends the trial court "does not have jurisdiction to keep [him] from noting an appeal and requesting a new trial in Circuit Court."

Code § 8.01-271.1 confers on courts the authority to impose sanctions and provides in relevant part:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .
>
>     \*   \*   \*   \*   \*   \*   \*
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, *an appropriate sanction*, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

(Emphasis added).

- 16 -

In enacting Code § 8.01-271.1, the legislature granted trial courts jurisdiction to impose appropriate sanctions. Accordingly, Switzer's jurisdictional argument is without merit.

"[A] court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction imposed." Switzer, 273 Va. at 331, 641 S.E.2d at 83; see also Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, 273 Va. 498, 509, 643 S.E.2d 136, 140 (2007) (holding that trial court's imposition of sanctions under Code § 8.01-271.1 is subject to abuse of discretion standard).

In its 2007 opinion, the Virginia Supreme Court addressed this Court's dismissal of an appeal as a sanction for Switzer's "fail[ure] to pay a monetary sanction in another case." Switzer, 273 Va. at 333, 641 S.E.2d at 84. In that decision,

> the Supreme Court did not hold this Court lacked authority to dismiss the appeal, but, rather, held dismissal under those circumstances "was an unduly severe sanction and was not narrowly tailored to correct the problem presented." Id. As a standard, the Court ruled "the imposition of a particular sanction must be sufficient to deter [the offending] practices," id. at 331, 641 S.E.2d at 83, and the imposition of the sanction requires the exercise of judicial discretion. Id.

Moscona v. Shenhar, 50 Va. App. 238, 253, 649 S.E.2d 191, 198 (2007), aff'd, 276 Va. 611, 667 S.E.2d 555 (2008).

Thus, the Court held that this Court abused its discretion in imposing the "ultimate sanction" of dismissal. Switzer, 273 Va. at 334, 641 S.E.2d at 84. However, the Court discussed alternative, "less restrictive" sanctions when a court faces "the problem of frivolous litigation," such as a "'leave of court' requirement, in which litigants are required to obtain permission from the court before filing other cases or appeals." Id. at 332, 641 S.E.2d at 83.

> Such "leave of court" requirements have been widely approved on appellate review because they do not automatically preclude a litigant from filing any type of appeal but merely subject the

> appeal to pre-filing scrutiny to ensure that the appeal is not
> frivolous or filed for the purpose of harassing the opposing party or
> the court.

Id. at 333, 641 S.E.2d at 84 (citing, *inter alia*, In re Burnley, 988 F.2d 1, 3-4 (4th Cir. 1992)).

Although the legislature listed possible monetary sanctions that may be ordered, that list is not exclusive to "an appropriate sanction."

Based upon the Supreme Court's approval and imprimatur to the less restrictive sanction of prefiling requirements, see id., and the trial court's detailed analysis of Switzer's history of filing motions, pleadings, documents, and praecipes for over a decade, most of which were either frivolous or attempts to harass the parties and the court, and Switzer's continuous attempts to relitigate final judgments that are *res judicata*, the trial court did not abuse its discretion in imposing a prefiling review requirement pursuant to Code § 8.01-271.1.

Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Affirmed.