PRESENT:  Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee,
          JJ., and Carrico, S.J.

THOMAS L. SWITZER

v. Record No. 060554   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                 March 2, 2007
PAULA MARIE SWITZER, ET AL.

                FROM THE COURT OF APPEALS OF VIRGINIA


     In this consolidated appeal, we consider whether the Court

of Appeals abused its discretion in dismissing two appeals on

the basis that the appealing party had failed to pay a $500

judgment that the Court of Appeals had entered against him in

another case.  The $500 judgment was entered as a sanction under

Code § 8.01-271.1, and was followed by a separate order barring

the sanctioned party from filing any further appeals until

satisfying the $500 judgment.

     Thomas L. Switzer (Thomas) and Paula Marie Switzer (Paula)

were married in 1993.  In 1996, the couple had a child, Daniel

W. Switzer (Daniel).  Because Thomas and Paula both suffer from

mental and emotional problems and had committed acts of violence

against each other, the Department of Social Services removed

Daniel from his parents' home at a young age.

     In March 2000, the Circuit Court of Augusta County (circuit

court) awarded permanent custody of Daniel to Samuel S. Smith

and Jodi B. Smith (the Smiths).  The Court of Appeals affirmed

the circuit court's judgment in an unpublished opinion.  Switzer

v. Smith, Record No. 0779-00-3 (July 31, 2001).  This Court

refused Thomas' petition for appeal.  Switzer v. Smith, Record

No. 012108 (February 20, 2002).

While the appeal of the custody case was pending, Thomas

filed a petition pursuant to Code § 16.1-241(A)(1) in the

Juvenile and Domestic Relations District Court of Staunton

alleging that Daniel was a "child in need of services" (CHINS).

Upon that court's dismissal of the CHINS petition, Thomas filed

an appeal to the Circuit Court of the City of Staunton, which

dismissed the CHINS petition stating that its allegations were

"wholly insufficient."

Thomas appealed to the Court of Appeals from the dismissal

of his CHINS petition.  In an unpublished opinion, the Court of

Appeals held that Thomas' arguments were not made in good faith

and that the appeal was filed "to harass, cause unnecessary

delay, and cause a needless increase in the cost of litigation."

Switzer v. Smith, Record No. 3025-91-3, slip op. at 9 (July 23,

2002).  Citing Code § 8.01-271.1, the Court of Appeals imposed a

$500 sanction against Thomas to be paid within 60 days.  Id.

Thomas appealed the Court of Appeals' judgment to this Court,

which refused his petition for appeal.  Switzer v. Smith, Record

No. 022315 (October 23, 2002).

After determining that Thomas had not paid the $500

sanction as previously ordered, the Court of Appeals entered an

2

order on May 8, 2003 (the May 2003 order), directing the circuit court to docket a judgment against Thomas and stating that "[u]ntil such time as the judgment is satisfied, [Thomas] is barred from filing further appeals to the Court of Appeals of Virginia." In re: Thomas L. Switzer, slip op. at 2 (May 8, 2003). Thomas did not appeal from this order.

After the May 2003 order, Thomas filed two separate actions involving custody and divorce, which he ultimately appealed to the Court of Appeals. Thomas first filed a petition in the Juvenile and Domestic Relations District Court of Augusta County (juvenile court) against the Smiths seeking custody of or "liberal unsupervised visitation" with Daniel. The juvenile court dismissed his petition and ordered that the prior judgment regarding custody and visitation remain in effect. Thomas appealed from this order to the circuit court, which dismissed the petition upon finding "absolutely no evidence of any material change in circumstances" and a "complete lack of evidence" to support the petition.

Thomas also filed a bill of complaint in the circuit court seeking a divorce from Paula and asking that the circuit court reconsider the issue of Daniel's custody. Paula filed a cross-bill requesting a divorce. The circuit court awarded Paula a divorce and refused to reconsider the custody issue.

3

Thomas filed two separate appeals with the Court of Appeals challenging the circuit court's divorce and custody decrees. Paula and the Smiths filed motions to dismiss the appeals, contending that the May 2003 order barred Thomas from filing any appeals with the Court of Appeals until he paid the $500 sanction.[1]  Thomas argued in response that if he had violated an order of the Court of Appeals, the proper remedy would be for the Court to hold him in contempt for that violation rather than to dismiss his appeals.

The Court of Appeals entered orders dismissing Thomas' appeals based on his failure to pay the $500 sanction.  Switzer v. Switzer, Record No. 0612-05-3 (November 23, 2005); Switzer v. Smith, Record No. 1122-05-3 (November 23, 2005).  The orders stated, "[t]he language contained in the May 8, 2003 order could not have been clearer.  [Thomas] was and is barred from filing appeals in this Court until the judgment is satisfied."  Id. Thomas appeals to this Court.

Thomas argues that the Court of Appeals abused its discretion in dismissing his appeals for his failure to pay sanctions imposed in an unrelated case.  Thomas contends that the Court of Appeals should have imposed a less severe sanction and that dismissal of the appeals, without a finding of bad

---

[1] The record does not indicate how the Smiths became involved in the appeal of the divorce case.  The Smiths were not parties to the divorce case in the circuit court.

faith or prejudice, was unjustified. According to Thomas, the May 2003 order barring him from filing any appeals before paying the $500 sanction was overbroad because the order prevented him from seeking any appeal, even appeals unrelated to the custody litigation on which the $500 sanction was based.

In response, Paula and the Smiths (the defendants) argue that because Thomas failed to appeal from the Court of Appeals' May 2003 order barring him from filing future appeals until he paid the $500 sanction, he cannot use the present appeals as a vehicle for challenging the content of the May 2003 order.[2] The defendants also contend that the Court of Appeals did not abuse its discretion in dismissing Thomas' present custody and divorce appeals because Thomas has litigated the custody issue for eight years, losing on each occasion. According to the defendants, even if the Court of Appeals had considered the present appeals on their merits, the Court likely would have imposed additional sanctions against Thomas for filing two more baseless appeals. The defendants therefore maintain that because the imposition of monetary sanctions has not prevented Thomas from making frivolous filings, the Court of Appeals did not have a less

---

[2] In their brief, the defendants also contend that Thomas failed to appeal from the Court of Appeals' judgment dismissing Thomas' appeal of the CHINS petition determination, in which the Court of Appeals originally imposed the $500 sanction. However, as stated above, Thomas did note an appeal from that judgment, which this Court refused.

5

restrictive option available to curb Thomas' misconduct. We disagree with this conclusion.

We first observe that the Court of Appeals' dismissal of the two appeals before us was the ultimate sanction that the Court of Appeals could have imposed in the litigation of these cases. Thus, our inquiry focuses on the question whether implementation of such a severe sanction was an abuse of the Court of Appeals' discretion.

We begin our analysis with the established principle that a court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction employed. See Flora v. Shulmister, 262 Va. 215, 220, 546 S.E.2d 427, 429 (2001); Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 435 (2000); Gentry v. Toyota Motor Corp., 252 Va. 30, 34, 471 S.E.2d 485, 488 (1996); Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991). Here, the record is undisputed that Thomas previously had filed frivolous appeals in the circuit court and in the Court of Appeals. Moreover, Thomas implicitly concedes that the imposition of some lesser sanction in the present appeals may have been an appropriate exercise of the Court of Appeals' discretion. Thus, the essence of Thomas' complaint is that the Court of Appeals

6

imposed the ultimate sanction of dismissal, rather than using a more narrowly drawn alternative.

We observe that a major purpose of the sanction remedy is to spare victims of frivolous claims the time, effort, and expense suffered as a result of such vexatious litigation. Thus, the imposition of a particular sanction must be sufficient to deter such practices when they have occurred. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990); Gentry, 252 Va. at 34, 471 S.E.2d at 488. We also recognize that the Court of Appeals applied the sanction of dismissal in the present cases after Thomas had totally failed to comply with the Court's previous order imposing the $500 judgment against him. The record does not show that Thomas made any attempt to pay even a small portion of the judgment imposed.[3] Therefore, the record indicates that imposition of an additional monetary sanction against Thomas was unlikely to have had any effect.

Our review of case law in other jurisdictions has revealed that courts have taken various restrictive measures in dealing with litigants who have filed repeated frivolous appeals. Courts imposing such measures have recognized that orders restricting a litigant's access to the courts must be narrowly

---

[3] We note that Thomas was proceeding pro se and in forma pauperis at the time he initiated the underlying custody and divorce matters, and it appears that his status had not changed as of the time the appeals in those cases were filed.

7

tailored to prevent the specific problem encountered. See In re Packer Ave. Assocs., 884 F.2d 745, 748 (3d Cir. 1989); Castro v. United States, 775 F.2d 399, 410 (1st Cir. 1985); In re: Petitioners, 50 P.3d 910, 914 (Colo. 2002); Neunzig v. Neunzig, 766 So.2d 441, 441-42 (Fla. Dist. Ct. App. 2000); Hooker v. Sundquist, 150 S.W.3d 406, 412 (Tenn. Ct. App. 2004).

Two approaches adopted by other jurisdictions appear to be the most commonly used. In limiting a litigant's right to file further court proceedings, some courts have restricted such litigants from filing cases dealing with a particular subject or type of proceeding. See, e.g., Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1499 (5th Cir. 1993) (restriction on future litigation based on underlying facts in case); Castro, 775 F.2d at 410 (preventing litigants from filing claims on matters previously asserted); In re Green, 598 F.2d 1126, 1128 (8th Cir. 1979) (en banc) (barring litigant from filing petitions for writ of mandamus challenging certain court proceedings); In re Marriage of Giordano, 787 P.2d 51, 54 (Wash. Ct. App. 1990) (approving trial court's imposition of moratorium on filing of "post-dissolution" motions pending trial on separate issue).

Other courts facing the problem of frivolous litigation have adopted a less restrictive "leave of court" requirement, in which litigants are required to obtain permission from the court

8

before filing other cases or appeals.  See, e.g., In re Martin-Trigona, 9 F.3d 226, 229-30 (2d Cir. 1993)(approving "leave to file" requirement with respect to future filings); In re Burnley, 988 F.2d 1, 3-4 (4th Cir. 1992)(approving trial court order imposing pre-filing screening on litigant); Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991)(approving pre-filing screening of litigant's future claims); Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990)(imposing requirement that litigant must receive authorization from judge for future filings); In re Davis, 878 F.2d 211, 213 (7th Cir. 1989)(approving trial court order requiring judicial committee to determine whether litigant may file future documents); Stich v. United States, 773 F. Supp. 469, 471 (D.D.C. 1991), aff'd, 976 F.2d 1445 (D.C. Cir. 1992)(requiring litigant to obtain leave of court before filing future claims); Love v. Amsler, 441 N.W.2d 555, 560 (Minn. Ct. App. 1989)(condoning requirement that abusive litigant obtain approval before filing claims).

Such "leave of court" requirements have been widely approved on appellate review because they do not automatically preclude a litigant from filing any type of appeal but merely subject the appeal to pre-filing scrutiny to ensure that the appeal is not frivolous or filed for the purpose of harassing the opposing party or the court. See Burnley, 988 F.2d at 3-4;

9

Cofield, 936 F.2d at 518; Davis, 878 F.2d at 212-13; Love, 441 N.W.2d at 560. Thus, under these "leave of court" procedures, the litigant retains access to the court in every type of appeal.

Although the remedies imposed by various courts often differ, appellate courts generally are in agreement that courts may not completely prohibit future pro se filings by litigants who have filed repeated frivolous cases or motions. See Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996); Stich, 773 F.Supp. at 471; Davis, 878 F.2d at 212-13; Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc); Giordano, 787 P.2d at 54; In re Lawsuits of Carter, 510 S.E.2d 91, 94 (Ga. Ct. App. 1998); Rosenblum v. Borough of Closter, 755 A.2d 1184, 1191-92 (N.J. Super. Ct. App. Div. 2000). In the present case, however, the Court of Appeals dismissed Thomas' appeals based on the Court's May 2003 order completely barring him from filing any future appeals until he paid the outstanding $500 judgment.

In essence, the Court of Appeals dismissed these two appeals because Thomas failed to pay a monetary sanction imposed in another case. This sanction of dismissal, applied in accordance with the terms of the May 2003 order, was an unduly severe sanction and was not narrowly tailored to correct the problem presented. The terms of that May 2003 order barred all future appeals, regardless of their subject matter or merit,

until the previous monetary sanction was paid, effectively closing the doors of the Court of Appeals to Thomas for any appeal involving any subject.

The summary dismissal of the two present appeals pursuant to the May 2003 order, without regard to their procedural or substantive merit, was an abuse of the Court of Appeals' discretion. These appeals were "appeals of right" under the provisions of Code § 17.1-405. Thus, the Court of Appeals' dismissal of these appeals as a sanction denied Thomas his statutory right to have his appeals considered by a panel of that Court. See Code § 17.1-410(A).

Because the Court of Appeals abused its discretion in dismissing the appeals, we must reverse the Court of Appeals' judgments. We will remand the cases to the Court of Appeals for further consideration of the motions to dismiss consistent with the factors we have discussed.

For these reasons, we will reverse the Court of Appeals' judgments and remand the cases to the Court of Appeals for further proceedings.

Reversed and remanded.

11