COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


THOMAS LYLE SWITZER

    v.  Record No. 0612-05-3

PAULA MARIE SWITZER                                   MEMORANDUM OPINION[*]
                                                          PER CURIAM
THOMAS LYLE SWITZER                                    DECEMBER 11, 2007

v.        Record No. 1122-05-3

SAMUEL S. SMITH, JODY B. SMITH AND
  PAULA SWITZER



                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                               Thomas H. Wood, Judge

              (Thomas L. Switzer, *pro se,* on briefs in Record No. 0612-05-3).

              (Jeffrey A. Link; Blue Ridge Legal Services, Inc., on brief), for
              appellee in Record No. 0612-05-3.

              No brief for appellant in Record No. 1122-05-3.

              No brief for appellees in Record No. 1122-05-3.


        Thomas Lyle Switzer (Thomas) appeals two separate decisions by the trial court.  In Record

No. 0612-05-3, Thomas appeals the final decree entered by the trial court on February 23, 2005,

granting Paula Marie Switzer (Paula) a divorce from him.  In Record No. 1122-05-3, Thomas

appeals the trial court's decision denying his motion to change custody of his son.  Upon reviewing

the record and briefs submitted by the parties, we conclude that the appeal in Record No.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

0612-05-3 is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27. We dismiss the appeal in Record No. 1122-05-3 for the reasons stated below.

BACKGROUND-

Thomas and Paula were married in 1993. In 1996, the couple had a child (Daniel). The Department of Social Services removed Daniel from his parents' home at a young age due to the parents' mental and emotional problems and violent acts committed against each other.

In March 2000, the trial court awarded permanent custody of Daniel to Samuel Smith and Jody Botkin (now, Jody Smith, and collectively "the Smiths"). Thomas appealed that decision, and this Court affirmed the trial court in an unpublished decision. Switzer v. Smith, Record No. 0779-00-3 (July 31, 2001). The Virginia Supreme Court refused Thomas's appeal. Switzer v. Smith, Record No. 012108 (February 20, 2002).

On July 20, 2004, Thomas filed for divorce from Paula and sought custody of Daniel. Paula filed an answer and cross-bill, seeking a divorce *a vinculo matrimonii* on the ground of separation in excess of one year. Paula also advised the trial court in her cross-claim that the trial court previously determined custody in March 2000. On February 23, 2005, the trial court granted Paula a divorce. It further denied Thomas's motion to adjudicate custody of the child due to *res judicata*. On March 8, 2005, Thomas appealed the final decree to this Court. See Switzer v. Switzer (Record No. 0612-05-3).

On December 15, 2003, Thomas filed in the trial court a "Motion for Custody and a New Trial." On March 4, 2004, the trial court conducted a hearing on the matter. By order entered April 7, 2005, the trial court denied appellant's motion for a change in custody. Specifically, it found "absolutely no evidence of any material change in circumstances." It further found that the child was thriving in the care of the Smiths and that Thomas's petition was "not warranted by existing law or a good faith argument . . . and was filed for an improper purpose, that is to harass

the Defendants and needlessly increase their costs, all in violation of Code Section 8.01-271.1." On May 4, 2005, Thomas appealed that decision to this Court. See Switzer v. Smith (Record Number 1122-05-3).

On November 23, 2005, this Court dismissed Thomas's appeals in Record Numbers 0612-05-3 and 1122-05-3 because Thomas had failed to pay a $500 judgment to the Clerk of this Court ordered on July 23, 2002. See Switzer v. Smith, Record No. 3025-01-3 (July 23, 2002) (affirming trial court and imposing $500 sanction for filing case in bad faith in order to harass and delay). Thomas appealed the dismissals to the Virginia Supreme Court, and on March 2, 2007, the Supreme Court reversed this Court's decision dismissing the appeals and remanded the cases to this Court. See Switzer v. Switzer, 273 Va. 326, 641 S.E.2d 80 (2007).

<u>RECORD NO. 0612-05-3</u>

In Record No. 0612-05-3, Thomas appeals the final decree entered by the trial court on February 23, 2005. He filed a notice of appeal on March 8, 2005, and an opening brief on June 28, 2005. In lieu of a transcript, the trial court record contains a signed statement of facts.

In his opening brief, Thomas presents three numbered questions/arguments, which we address seriatim.

I. "<u>Did the trial court err by applying the doctrine of *res judicata*</u>?"

In his "Complaint for Divorce" filed on July 20, 2004, Thomas listed the following as the "Cause of the Action": "Desertion, adultery, abuse, mental anguish, abandonment, separation in excess of one year." In the section labeled "Relief Sought," Thomas listed, among other things, "Decree of Divorce" and "Full Legal and Physical Custody of Child."

The signed statement of facts includes the following:

> On December 7, 2004, the case [involving Thomas's Complaint for Divorce] was put on the Motions Day of this Court by Thomas Lyle Switzer. Mr. Switzer requested the Court to set a trial date on a custody hearing. Mr. Switzer was advised that there would be no

custody hearing and he withdrew his request for a trial date. . . . [O]n January 18, 2005 . . . Mr. Switzer again requested a custody hearing "incident to divorce." Mr. Switzer was advised that he was not going to get another custody hearing, but that the Court would set the matter for an *ore tenus* hearing on the divorce . . . .

According to the signed statement of facts, the trial court again advised Thomas at the January 18, 2004 divorce hearing

that the issue of custody was *res judicata* and would not again be litigated absent an allegation and proof of a material change of circumstances, and that the present custodians of this child had not been made parties to this proceeding. For those reasons, the Court would not give [Thomas] a custody hearing.

In its February 23, 2005 divorce decree, the trial court reviewed the entire course of litigation following the March 2000 award of custody to the Smiths:

[Thomas's] subsequent appeal to the Court of Appeals of Virginia dated March 30, 2000, resulted in an affirmation on July 31, 2001, of the Augusta County Circuit Court Judgment from March 2000; that the U.S. District Court for the Western District of Virginia (Harrisonburg Division) dismissed [Thomas's] Complaint on May 23, 2000; that the Court of Appeals of Virginia denied [Thomas's] Petition for Rehearing *en banc* on September 6, 2001; that the Supreme Court of Virginia refused [Thomas's] Petition for Appeal on February 26, 2002; that the Supreme Court of the United States denied [Thomas's] Writ of Certiorari on June 28, 2002.

*Res judicata* "precludes the relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989). "In the absence of a material change in circumstance, reconsideration [of custody] . . . would be barred by *res judicata*." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). At the divorce hearing, Thomas never claimed a material change in circumstances. Instead, he sought to relitigate the March 2000 custody decision and to recast in this appeal the custody issues raised in his prior appeals. However, Thomas has heretofore exhausted his right to appeal the custody award entered by the trial court in March 2000. See Switzer v. Smith, Record No. 0779-00-3 (July 31,

2001) (Court of Appeals of Virginia affirming trial court's award of custody to Smiths); <u>Switzer v. Smith</u>, Record No. 012108 (February 20, 2002) (Virginia Supreme Court refused appeal of permanent custody award to Smiths).

Because the custody issue has been fully and finally litigated, Thomas may not continue to seek appellate review of that decision. Accordingly, the trial court did not err in finding that Thomas is barred by *res judicata* from relitigating the prior custody determination.

II. "<u>In the absence of any evidence to the contrary does the father enjoy the presumption that he is now a fit parent and subsequently the best interest of the child lies with being placed with him</u>?"

III. "<u>Does the trial court have jurisdiction to award custody to two individuals who are not party to the case</u>?"

Because appellant is barred by *res judicata* from relitigating the award of custody to the Smiths, we are precluded from addressing these questions/issues which involve the prior award of custody. Accordingly, the judgment of the trial court in Record No. 0612-05-3 is summarily affirmed. Rule 5A:27.

In the final sentence of the concluding paragraph of her brief, Paula "respectfully request[ed] of the Court an award of costs." Upon a review of the record in its entirety, we find an award is appropriate and grant the request for her costs. We remand the case to the trial court to fix a reasonable award.

<u>RECORD NO. 1122-05-3</u>

In Record No. 1122-05-3, Thomas appeals the trial court's April 7, 2005 decision denying his motion for a change in custody and a new trial.

Thomas filed his notice of appeal in this case on May 4, 2005, but did not file an opening brief.

On April 20, 2007, this Court reinstated this appeal on the docket and, by letter dated May 11, 2007, this Court advised Thomas of the briefing schedule.

- 5 -

On May 16, 2007, Thomas moved to consolidate this appeal with that in Record No. 0612-05-3. He also requested this Court "accept one set of Briefs for both" appeals.

By order dated June 29, 2007, this Court denied his motion to rely on the briefs previously filed in Record No. 0612-05-3, and advised Thomas that "[t]he opening brief and appendix in this case [namely, Record No. 1122-05-3] shall be due to be filed by July 13, 2007."

Thomas never filed an opening brief in Record No. 1122-05-3.

Because Thomas did not file an opening brief in Record No. 1122-05-3, we dismiss the appeal.

Accordingly, the judgment of the trial court is summarily affirmed in Record No. 0612-05-3 and the appeal in Record No. 1122-05-3 is dismissed.

<u>Record No. 0612-05-3-Affirmed and remanded.</u>

<u>Record No. 1122-05-3-Dismissed.</u>

- 6 -