PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Russell, S.J.

GERALD F. RAGLAND, JR. AND
ANDREW J. NAROD*

v.  Record No. 150875

OPINION BY
CHIEF JUSTICE DONALD W. LEMONS
April 14, 2016

GYOENGYVER SOGGIN, ADMINISTRATOR
OF THE ESTATE OF EVAN M. SOGGIN,
DECEASED

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

In this appeal, we consider whether the trial court erred in sanctioning two attorneys in the amount of $200 each for submitting a jury instruction with an error despite the trial court's finding that the mistake was inadvertent.

I.  Facts and Proceedings

Attorneys Gerald F. Ragland, Jr. ("Ragland") and Andrew J. Narod ("Narod") (collectively "defense counsel") were sanctioned $200 each during the course of their representation of Keri Saporito ("Saporito"), who was the defendant in a wrongful death suit in the Circuit Court of Fairfax County ("trial court"). Gyoengyver G. Soggin ("Soggin"), in her capacity as administrator of the estate of her deceased son, Evan M. Soggin ("Evan"), filed a wrongful death complaint against Saporito, alleging that Saporito was Evan's riding instructor, and that she was negligent in providing training and instruction to Evan and in failing to select an

---

* The law firm, LeClairRyan, P.C., was not a party to the case below. Also, it was not sanctioned by the trial court. Further, it was not included in the caption of the notice of appeal filed in the trial court. Without explanation, the petition for appeal contained LeClairRyan, in the caption as an appellant, along with attorneys Gerald F. Ragland, and Andrew J. Narod. The case proceeded in this court as LeClairRyan, et al. v. Soggin. Because the law firm LeClairRyan is not properly before this Court, it has been removed from the caption of this case.

appropriate horse for Evan to ride. The complaint asserted that Evan sustained severe injuries as a result of that negligence, and died as a result of those injuries.

The case proceeded to trial. Saporito maintained that Virginia's equine activity liability statutes, specifically Code § 3.2-6202, provided immunity from liability for injury or death caused by any of the intrinsic dangers listed in Code § 3.2-6200. Saporito asserted that Code § 3.2-6303 provided only a limited exception to such immunity, and therefore any actionable negligence must be the "sole cause" of the injury or death in order to impose liability. Defense counsel originally drafted jury instructions 32 (the "issues" instruction) and 34 (the "findings" instruction) in accordance with that theory of their case, substituting the phrase "sole cause" for the phrase "a proximate cause." During trial, however, the court rejected defendant's theory. Accordingly, defense counsel revised the issues instruction to reflect the trial court's ruling, but apparently neglected to revise the findings instruction.

The record demonstrates that the instructions were revised during a brief recess. Although plaintiff's counsel and the court had an opportunity to review the findings instruction before the instructions were read to the jury, no one noticed that it still contained the phrase "sole cause."

The trial judge then read the jury instructions to the jury. The findings instruction provided:

> You shall find your verdict for the plaintiff if she has proved by the greater weight of the evidence that:
> (1) There was a contract in which Keri Saporito agreed to find a proper horse, and/or train the horse, and/or provide riding lessons to Evan Soggin; and that
> (2) The defendant was negligent in performing her agreed upon duty; and that
> (3) The defendant's negligence was <u>a sole cause</u> of Evan Soggin's death.

2

> You shall find your verdict for the defendant if she has proved by the greater weight of the evidence that:
>
> (1) The plaintiff has failed to prove either of the three elements above; or
>
> (2) You find by the greater weight of the evidence that Gyongyver Soggin or Steven Soggin assumed the risk of a known danger on Evan Soggin's behalf.

(emphasis added). Neither plaintiff's counsel nor the trial court appears to have noticed this language while the instruction was read aloud. However, before the written instructions were delivered to the jury, counsel reviewed the instructions and plaintiff's counsel caught the error. The parties used correction fluid to cover up the word "sole" and the phrase "a proximate cause" was handwritten on the typed version of the findings instruction that was delivered to the jury.

The next morning, the jury informed the trial court they had a question regarding the findings instruction. The jury asked whether the word "either" meant "any or all?" The trial judge stated that she believed there was grammatical error in the instruction. The trial court then ordered counsel to revise the findings instruction. A modified findings instruction was delivered to the jury and the trial court instructed the jury to use the modified instruction in place of the prior instruction 34. The modified findings instruction provided:

> You shall find your verdict for the plaintiff if she has proved by the greater weight of the evidence that:
> (1) There was a contract in which Keri Saporito agreed to find a proper horse, and/or train the horse, and/or provide riding lessons to Evan Soggin; and that
> (2) The defendant was negligent in performing her agreed upon duty; and that
> (3) The defendant's negligence was a proximate cause of Evan Soggin's death.
> You shall find your verdict for the defendant if she has proved by the greater weight of the evidence that:
> (1) The plaintiff has failed to prove any or all of the three elements above; or
> (2) You find by the greater weight of the evidence that Gyoengyver Soggin or Steven Soggin assumed the risk of a known danger on Evan Soggin's behalf.

(emphasis added).  The trial court then reminded counsel for both parties that they had an

obligation to review all the instructions before submitting them to the court.

The jury returned a verdict in favor of the defendant.  Soggin filed a "motion for

judgment notwithstanding the verdict."  Soggin asserted that defense counsels' misconduct in

submitting the issues and findings instructions tainted the jury.

Saporito filed a response to the "motion for judgment notwithstanding the verdict."

With regard to the claim of defense counsel misconduct, she argued that such a claim was

"patently false."  Saporito responded that the two instructions were initially drafted with the

phrase "sole cause" because defense counsel was of the opinion that the equine activity liability

statutes precluded liability if one of the enumerated inherent risks was a contributing cause of an

injury or death.  That position was abandoned in light of later court rulings.  The language in the

issues instruction was changed before it was read to the jury, and Saporito asserted that the

failure to change the language in the findings instruction was inadvertent.  Saporito argued that

the inadvertent error with respect to the findings instruction was harmless because the issues

instruction used the correct language, and because the error in the findings instruction was

discovered at the beginning of jury deliberations and the jury was provided with a modified

findings instruction.

The trial court held a hearing to consider the "motion for judgment notwithstanding the

verdict."  With respect to the findings instruction, defense counsel explained how the findings

instruction had originally been drafted to include the phrase "the sole cause" because that was

defense counsels' interpretation of liability under the equine activity liability statutes.  When that

theory was rejected, counsel revised the issues instruction but missed the findings instruction.

Defense counsel represented this was a mistake that was missed by both sides, and that the

defense was not trying to "sneak" that language into the instruction.  Defense counsel stated the fact that the findings instruction was not initially changed "was an inadvertent occurrence that was corrected," and he argued the remedy should not be to take away the defendant's defense verdict.  Counsel added that, "If anything, if you believe this was actionable conduct on counsels' part, then it would be a question of sanctions, not a motion for a new trial."  But he assured the court that "this was an accident."

The trial judge then denied the "motion for judgment notwithstanding the verdict."  With respect to the argument regarding the findings instruction, the judge stated:

> The defense misconduct, had that instruction 34 not been brought to the court's attention by the jury, I believe that it would have, it would have been an appropriate request had we not had the ability to cure it for the jury very early in their deliberations, I believe this would have been grounds to reverse the verdict.
>
> At this stage, we had the opportunity to correct it, not by something that was brought to the attention by the defense, but something that was brought to the attention both to the court and [plaintiff's counsel].
>
> I do accept counsel's representation that it was not a deliberate act to mislead the court.  It's inadvertence, however, does rise to the level of a sanctionable act.  And I sanction both counsel that presented – that were responsible for the presentation of that $200 apiece.  Pay it to Northern Virginia Legal Services or the Fairfax Bar Foundation forthwith.
>
> But I am gravely concerned.  It is a total misrepresentation of the law under any circumstance.  And if it's brought to my attention that this is a matter of practice by your firm, there will be other matters to be brought up.  But to represent to the Court that there's been a modification and we're focused on the modification of the elements of the equine liability act and not the aspect of what negligence is in the Commonwealth, and there's not a single instruction that indicates sole cause of someone's death or damages, is gravely concerning to the court.

The trial court then issued a final order, entering judgment in favor of Saporito, denying Soggin's "motion for judgment notwithstanding the verdict," and directing defense attorneys Ragland and Narod to each pay $200 in sanctions to Northern Virginia Legal Aid. The order does not identify the authority under which the trial court was imposing the monetary sanctions against defense counsel. Ragland and Narod noted their objections to the sanctions on the final order. Thereafter, they filed a motion for reconsideration and to vacate the award of sanctions. The trial court denied the motion for reconsideration. Ragland and Narod appealed the sanctions award to this Court, and we granted their appeal on the following assignment of error:

1. The court erred in sanctioning defense counsel for a mutual mistake made by counsel for both parties when the error was inadvertent and, upon its discovery, was timely noted.

## II. Analysis

### A. Standard of Review

A court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction employed. Switzer v. Switzer, 273 Va. 326, 331, 641 S.E.2d 80, 83 (2007). In particular, in reviewing a trial court's decision to impose a sanction pursuant to Code § 8.01-271.1, we apply an abuse of discretion standard. Shebelskie v. Brown, 287 Va. 18, 26, 752 S.E.2d 877, 881 (2014).

### B. Monetary Sanctions

We recently considered a trial court's authority to issue monetary sanctions against an attorney in the case of Environment Specialist, Inc. v. Wells Fargo Bank Northwest, N.A., 291 Va. 111, 728 S.E.2d 147 (2016). In Environment Specialist, the trial court had sanctioned an attorney for failing to "voluntarily extend the time" in which the defendant could file its answer. The trial court's order did not identify the authority under which it was sanctioning the attorney.

6

Id. at 115, 782 S.E.2d at 148.  We reaffirmed our prior holding in Nusbaum v. Berlin, 273 Va. 385, 400-01, 641 S.E.2d 494, 502, (2007), that a trial court's inherent power to discipline attorneys does not include the power to issue monetary sanctions.  Rather, a trial court may only impose a monetary sanction against an attorney if the authority to do so is granted to the trial court by a statute or rule.  Environment Specialist, 291 Va. at 116, 782 S.E.2d at 149.  In Environment Specialist, we found no Rule of Court that applied to confer such authority.  Id. at 116-17, 782 S.E.2d at 149.  We also examined whether sanctions would be justified under Code § 8.01-271.1, and found no basis under that statute for awarding sanctions against any attorney for failing to agree to an extension of a deadline.  Accordingly, we reversed the sanctions award. Id. at 121, 782 S.E.2d at 152.

Similarly, the trial court in this case failed to identify the authority under which it was sanctioning defense counsel.  Clearly, it cannot be the trial court's inherent authority to discipline attorneys, as that authority does not extend to issuing monetary sanctions.  See Nusbaum, 273 Va. at 400-01, 641 S.E.2d at 502.  We will therefore determine whether the trial court had authority to sanction defense counsel under either a Rule of Court or a statute.

Upon review, we can find no Rule of Court that applies.  It also does not appear that the trial court had authority to issue these sanctions pursuant to its summary contempt powers under Code § 18.2-456.  Code § 18.2-456 gives courts the power to issue attachments for contempt and punish them summarily, for the following:

> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
> (2) Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness or party going to, attending or returning from the court, for or in respect of any act or proceeding had or to be had in such court;
> (3) Vile, contemptuous or insulting language addressed to or published of a judge for or in respect of any act or proceeding had,

7

or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding;

(4) Misbehavior of an officer of the court in his official character;

(5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

For more than a century, however, Virginia courts have required the element of intent in order to sustain a criminal contempt conviction. Singleton v. Commonwealth, 278 Va. 542, 549, 685 S.E.2d 668, 672 (2009) (citing Carter v. Commonwealth, 96 Va. 791, 802-03, 32 S.E. 780, 780 (1899)); Wise v. Commonwealth, 97 Va. 779, 781-82, 34 S.E. 453, 453-54 (1899); Wells v. Commonwealth, 62 Va. (21 Gratt.) 500, 509 (1871); accord Robinson v. Commonwealth, 41 Va. App. 137, 143, 583 S.E.2d 60, 63 (2003) (finding intent a necessary element of criminal contempt); Carter v. Commonwealth, 2 Va. App. 392, 397, 345 S.E.2d 5, 8 (1986) (same). In this case, the trial court specifically found that the mistake was inadvertent. Without the element of intent, the trial court lacked authority to sanction defense counsel under its contempt powers.

Although nothing on the record indicates that the trial court relied upon Code § 8.01-271.1 as a basis for its ruling, we will nonetheless consider whether the sanctions are justified pursuant to the statute. Code § 8.01-271.1 provides in pertinent part that:

The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation….

An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by

8

existing law or a good faith argument for the extension, modification or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Defense counsel argue that Code § 8.01-271.1 is inapplicable because "this rule applies to pleadings, motions and other papers signed by an attorney." They argue that their mistake was made in a jury instruction that was not part of any signed pleadings or papers certified by counsel, and therefore this statute does not apply.

Defense counsel's argument, however, ignores the third paragraph of Code § 8.01-271.1, which governs oral motions made by an attorney or party in any court of the Commonwealth. When an attorney makes an oral motion to the court, that attorney is making a representation that "(i) to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Code § 8.01-271.1 Submitting a jury instruction to a trial court and asking that a particular instruction be given to a jury is the equivalent of making an oral motion to the court. Accordingly, this statute may serve as the basis for sanctions related to the submission of jury instructions by an attorney or party.

The issues and findings instructions, as originally drafted, were consistent with defense counsels' argument for modification of existing law under the equine activity liability statutes. The record demonstrates that numerous modifications were made to multiple instructions during

9

a brief recess at trial in a rather rushed fashion, and it does not appear that defense counsel, plaintiff's counsel, or even the trial judge, read the revised instructions carefully. Surprisingly, no one caught the error when the findings instruction was read aloud to the jury.

We appreciate the trial court's frustration with the manner in which the jury instructions in this case were handled. However, there is nothing in Code § 8.01-271.1 that gives a trial judge authority to impose monetary sanctions on an attorney for what she found was an inadvertent mistake. We can find no other statutory authority under which the trial court had the power to sanction defense counsel. Accordingly, we hold that the trial court abused its discretion in sanctioning attorneys Ragland and Narod in the amount of $200 each.

III. Conclusion

For the reasons stated, we will reverse the judgment of the trial court regarding sanctions.

<u>Reversed and final judgment</u>.