# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Wednesday the 29th day of August, 2018.*

PRESENT: Lemons, C.J., Goodwyn, McClanahan, Powell, Kelsey, and McCullough, JJ.

Milari Madison,                                                                                  Petitioner,

 against          Record No. 170934

Board of Supervisors of Loudoun County,                                        Respondent.


Upon a Rule to Show Cause


## I.    Facts and Proceedings

Invoking this Court's original jurisdiction, on July 14, 2017, Milari Madison ("Madison" or "Petitioner"), signed and filed a Petition for Writs of Mandamus and Prohibition against the Board of Supervisors of Loudoun County ("Loudoun County"). Loudoun County filed a motion to dismiss her petition, and in its motion asked this Court to award sanctions against Madison pursuant to Code § 8.01-271.1, arguing that Madison's petition "is not founded in facts or law, lacks merit, is frivolous," and raised the same arguments that had been resolved against Madison in prior litigation. This Court dismissed Madison's petition on February 27, 2018. By separate order on the same day, we issued a Rule to Show Cause against Madison, directing her to show cause why this Court should not impose sanctions against her pursuant to Code § 8.01-271.1.

The underlying case is only the latest in a string of frivolous lawsuits initiated by Madison as a pro se litigant. Madison has filed 22 lawsuits in the Circuit Court of Loudoun County against the Board of Supervisors or other divisions or departments of the County. She has also filed four petitions for appeal in this Court and two petitions invoking this Court's original jurisdiction. Madison's lawsuits all generally relate to her challenges to Loudoun County's authority over the property of the former Town of Waterford.

In 2013, the General Assembly passed HB 1983 (2013 Acts of Assembly Ch. 753), which was enacted "to vest title to real property of the former Town of Waterford to the County of Loudoun." HB 1983 provided that:

title to all real property held in the name of the former Town of Waterford, whose charter was repealed by Chapter 280 of the Acts of Assembly of 1936, vested in the Commonwealth of Virginia without any further act or deed as of the date the charter was repealed to the extent such title did not otherwise vest in another[.]

The Act further provided that:

the Department of General Services … is hereby authorized to convey by quitclaim deed, without warranty of any kind, to the County of Loudoun, all of the Commonwealth's right, title, and interest, if any, in and to, and to release any claim upon, said real property held in the name of the former Town of Waterford, less and except those lands that now comprise any part of the systems of state highways.

The Act also allowed that:

[t]he Board of Supervisors of Loudoun County shall have and may exercise the powers to alter or vacate the streets, alleys, and other public rights-of-way as laid out in accordance with the survey and plan of the former town made pursuant to Chapter 161 of the Acts of Assembly of 1874-75, and to authorize encroachments thereon…

Despite this legislation, Madison continues to assert that Waterford is still an incorporated municipal entity, and to challenge Loudoun County's authority over this property.

Madison's most recent petition for writs of mandamus and prohibition is her second materially indistinguishable, unsuccessful attempt to advance this theory by invoking this Court's original jurisdiction. This is in addition to her recent appeal to this Court from an adverse judgment of the Circuit Court of Loudoun County also rejecting this same theory.

## II. Sanctions

Code § 8.01-271.1 provides that:

[t]he signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

2

The statute further states:

> [i]f a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Considering the passage of HB 1983, and the multiple times that the factual and legal assertions in Madison's petition have been rejected by the circuit court and by this Court, it is clear that Madison's Petition for Writs of Mandamus and Prohibition was not "well grounded in fact" or "warranted by existing law." Her petition also does not contain "good faith argument[s] for the extension, modification, or reversal of existing law." Despite her repeated and failed attacks on Loudoun County since the bill's passage, Madison continues to file actions against the County in the circuit court and in this Court with the sole purpose of harassing the County and forcing the citizens of Loudoun County to cover the costs of defending against frivolous lawsuits.

Code § 8.01-271.1 makes clear if this rule is violated, the court "shall impose" an appropriate sanction. Having found that Madison's petition was filed in violation of Code § 8.01-271.1, we are therefore required to impose sanctions against her. *See N. Va. Real Estate, Inc. v. Martins,* 283 Va. 86, 105, 720 S.E.2d 121, 130 (2012). Such sanctions may include reasonable attorney's fees and costs. Code § 8.01-271.1.

Loudoun County has submitted an affidavit to this Court, setting forth the attorney's fees and costs it has incurred in defending against this action. The total amount incurred by Loudoun County in defending against this petition is $4,377.35.

We find that Madison filed her Petition for Writs of Mandamus and Prohibition against Loudoun County in violation of Code § 8.01-271.1, and we hold that an appropriate sanction against Madison is the costs and attorney's fees incurred by Loudoun County.

### III. Pre-filing Injunction

The sanctions issued in this order will reimburse Loudoun County for the expenses incurred in defending against this petition. However, this Court must also protect its jurisdiction

3

from repetitious and harassing conduct that abuses the judicial process. *See In re Sindram*, 498 U.S. 177 (1991). As the United States Supreme Court has noted, "[e]very paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

In *Switzer v. Switzer*, 273 Va. 326, 641 S.E.2d 80 (2007), we discussed "various restrictive measures [available] in dealing with litigants who have filed repeated frivolous appeals." We observed the widely-recognized practice in other jurisdictions of a "leave of court" requirement in which litigants are required to obtain permission from the court before filing other cases or appeals.

> Such "leave of court" requirements have been widely approved on appellate review because they do not automatically preclude a litigant from filing any type of appeal but merely subject the appeal to pre-filing scrutiny to ensure that the appeal is not frivolous or filed for the purpose of harassing the opposing party or court.

273 Va. at 332-33, 641 S.E.2d at 83-84.

In *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004), the United States Court of Appeals for the Fourth Circuit set forth four factors that courts should consider prior to issuing a pre-filing injunction.

> In determining whether a pre-filing injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818.

Although not binding on this Court, we consider the Fourth Circuit's reasoning as persuasive authority. *Toghill v. Commonwealth*, 289 Va. 220, 227, 768 S.E.2d 674, 677 (2015). Applying the *Cromer* test to this case, we find that Madison has a history of (1) filing duplicative, vexatious lawsuits, (2) without any objective good faith basis, and (3) at the expense

of the court system and opposing parties. With respect to the fourth factor, the adequacy of alternative sanctions, although we have ordered monetary sanctions pursuant to Code § 8.01-271.1 in order to compensate Loudoun County for expenses incurred in this case, those sanctions will not necessarily prevent Madison from filing future pleadings. The Court's objective is to protect Loudoun County from the harassment and expense of unfounded litigation, and to preserve valuable judicial resources. For these reasons, imposing a pre-filing injunction appears to be an appropriate sanction in addition to the monetary sanctions already ordered.

In *Cromer*, the court also cautioned that even if the above factors are met and pre-filing injunction is merited, the injunction must be narrowly tailored to fit the specific circumstances at issue. *Cromer*, 390 F.3d at 818. Because Madison's history of vexatious litigation appears to only target Loudoun County and its various departments, we will limit the pre-filing injunction to actions filed by Madison against Loudoun County. Accordingly, Madison shall be prohibited from filing in this Court any petition for appeal, motion, pleading, or other filing against the Board of Supervisors of Loudoun County or any of its divisions or departments without (1) obtaining the services of a practicing Virginia attorney, whose filings would be subject to Code § 8.01-271.1, or (2) obtaining leave of Court to file any pro se pleading. The Circuit Court of Loudoun County may impose its own pre-filing injunction if it deems it appropriate.

## IV. Conclusion

For the reasons stated, judgment is entered for Loudoun County in the amount of $4,377.35. We also instruct the Clerk to comply with this order as it pertains to future filings by Madison. The suspension of the Court's February 27, 2018 order dismissing the Petition for Writs of Mandamus and Prohibition is hereby lifted.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Loudoun County.

A Copy,

Teste:

Patricia L. Harrington, Clerk

5