COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Lorish

TODD ARLYNN SCHAEFFER

v.       Record No. 0914-22-4

CITY OF FAIRFAX

MEMORANDUM OPINION[*] BY
JUDGE JUNIUS P. FULTON, III
APRIL 18, 2023

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

(Todd Schaeffer, on brief), *pro se*. Appellant submitting on brief.

(John A. Kassabian, Fairfax City Prosecutor; Kassabian &
Kassabian, P.L.C., on brief), for appellee. Appellee submitting on
brief.

Todd Arlynn Schaeffer challenges the trial court's order sanctioning him for filing a

post-conviction motion after the court ordered him to file no further motions in the case. Schaeffer

asserts that the trial court abused its discretion by imposing the sanction. Both parties waived oral

argument on appeal. For the reasons stated below, we affirm the trial court's judgment.

BACKGROUND

In 2017, the Circuit Court for Fairfax County convicted Schaeffer of speeding in violation of

City of Fairfax local ordinance § 98-1, incorporating Code § 46.2-875. The court imposed a $50

fine and court costs.[1] Since then, Schaeffer has filed numerous post-trial motions in the trial court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Schaeffer's subsequent appeals to this Court and the Supreme Court of Virginia were
unsuccessful. *See Schaeffer v. City of Fairfax*, No. 1985-17-4 (Va. Ct. App. July 19, 2018), and
*Schaeffer v. City of Fairfax*, No. 181073 (Va. Oct. 2, 2018).

Even after his appeals were denied, Schaeffer continued to file motions in the trial court, asking that his conviction be dismissed. The trial court repeatedly denied the numerous motions, and in a written order entered on January 21, 2021, informed Schaeffer that it no longer had jurisdiction over the case. On February 4, 2022, the trial court heard argument on Schaeffer's "motion to strike or suppress." The trial court denied the motion and in an order entered on February 17, 2022, further ordered that Schaeffer "is not permitted to file any more motions in this case, or he may be sanctioned." Schaeffer moved for the court to reconsider, and the trial court denied the motion.

Schaeffer, on March 8, 2022, then filed a "Motion for Supplemental Proceeding." By order entered on March 25, 2022, the trial court denied the motion for lack of jurisdiction and ordered that Schaeffer "be sanctioned for filing the motion after having been ordered to file no further motions in this case."[2] The court ordered Schaeffer to "pay a fine in the amount of $100.00 payable to the [c]ourt within thirty (30) days." Schaeffer appeals.

ANALYSIS

Schaeffer's motion was filed too late, after the trial court no longer had jurisdiction over the case, and violated the trial court's prohibition. "All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and *no longer*." Rule 1:1(a) (emphasis added). Furthermore, Code § 8.01-271.1 mandates that pleadings and motions must be filed for a proper purpose, after appropriate inquiry to ensure they are well-grounded in fact

---

[2] More than 21 days had elapsed between the 2017 final order and the trial court's order sanctioning Schaeffer. While "restricting the ability of a litigant to access the court system is a drastic remedy that should be used sparingly," a trial court retains "inherent authority to protect its jurisdiction from harassing conduct that abuses the judicial process." *Gordon v. Kiser*, 296 Va. 418, 424-25 (2018). Further, a "court has inherent authority to administer cases on its docket." *Shah v. Shah*, 70 Va. App. 588, 593 (2019).

and in law, and cannot be filed for any improper purpose, such as harassment. "[A] court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction employed." *Winters v. Winters*, 73 Va. App. 581, 589 (2021) (alteration in original) (quoting *Switzer v. Switzer*, 273 Va. 326, 331 (2007)). "Similarly, '[w]e review the circuit court's imposition of sanctions under Code § 8.01-271.1 pursuant to an abuse of discretion standard.'" *Id.* (alteration in original) (quoting *Williams & Connolly, L.L.P. v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 498, 509 (2007)).

Code § 8.01-271.1 states, in pertinent part, that "[t]he signature of an attorney or party [on a pleading, motion or other paper] constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, [and] (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact." Code § 8.01-271.1 allows the circuit court to impose sanctions on a party who signs a pleading in violation of this provision. "[W]e use an objective standard of reasonableness in determining whether a litigant . . . , after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact." *Kahn v. McNicholas*, 67 Va. App. 215, 232-33 (2017) (quoting *Flippo v. CSC Assocs. III*, 262 Va. 48, 65-66 (2001)).

Here, the trial court very clearly instructed Schaeffer not to file any more motions after having repeatedly informed him that it no longer had jurisdiction over the case. Nevertheless, within two weeks of the trial court's admonition, Schaeffer disregarded the court's directive and filed another motion. Schaeffer admitted that he understood that the trial court no longer had jurisdiction and acknowledged that he knew he was not allowed to file any further motions. Thus, Schaeffer clearly knew that the trial court had prohibited further filings in his case and that

his motion was not well-grounded in fact.  In imposing the sanction, the trial court found that Schaeffer's motion "was absolutely, completely frivolous."

Given the clarity of the trial court's order and Schaeffer's admission that he knew he was prohibited from filing any more motions in the case, the record fully supports the trial court's sanction "to protect its jurisdiction from harassing conduct that abuses the judicial process." *Gordon v. Kiser*, 296 Va. 418, 424 (2018).  Accordingly, we find no abuse of discretion with the trial court's decision.

## CONCLUSION

We hold that the trial court did not abuse its discretion in sanctioning Schaeffer.

*Affirmed.*