UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Senior Judge Clements

ANDREI J. KUBLAN, ESQUIRE

                                       MEMORANDUM OPINION[*]

v.      Record No. 1073-22-4                   PER CURIAM
                                                  JULY 18, 2023

DEVON B. HUMPHREYS, ESQUIRE

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

(Andrei J. Kublan; Kublan Khan PLC, on briefs), *pro se*.

(John C. Whitbeck, Jr.; WhitbeckBennett PLLC, on brief), for
appellee.

The Circuit Court of Loudoun County ("circuit court") awarded sanctions against Andrei J.

Kublan, Esquire ("Kublan") after he issued a witness subpoena to an attorney who, by virtue of

being bound by attorney-client privilege, could not testify without her former client waiving her

privilege. On appeal, Kublan contends that the circuit court abused its discretion by sanctioning

him because the witness subpoena he issued was well grounded in fact and existing law. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

As a result, the circuit court's judgment is affirmed.

I. BACKGROUND

Alexey Avdeev ("father") and Ievgeniia Doroshenko ("mother") were married on October

23, 2014. They are the parents of a minor child ("the child"). On November 7, 2018, the circuit

court entered a final order of divorce, awarding mother a divorce from father.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

On April 20, 2021, mother was represented by the appellee, Devon B. Humphreys, Esquire ("Humphreys"), and Humphreys filed a petition to modify custody of and visitation with the child. While her petition was pending, mother enrolled the child in a new school without notifying father or obtaining his consent. Father subsequently filed a petition for rule to show cause, contending that mother's unilateral decision to enroll the child in a new school violated the final order of divorce. After the circuit court issued the requested rule to show cause, Humphreys withdrew from her representation as mother's counsel before being replaced by Kublan.[1] The circuit court scheduled a hearing on the rule to show cause for June 7, 2022.

On May 31, 2022, Kublan issued a witness subpoena to Humphreys related to her role as mother's former counsel ("the witness subpoena"). Humphreys then retained her own counsel, who contacted Kublan concerning the issuance of the witness subpoena. Kublan informed Humphreys' counsel that Humphreys was "being subpoenaed as a witness so she could confirm that she had provided [mother] with . . . legal advice to unilaterally transfer the child to another school." Humphreys' counsel responded by informing Kublan that Humphreys' communications with mother were protected by attorney-client privilege and that Humphreys could not discuss the alleged advice nor testify unless mother waived the privilege. Kublan then advised Humphreys that mother would not waive mother's attorney-client privilege and that "if it [became] necessary," mother would do so "in court on June 7th before or during . . . Humphreys' testimony."

On June 3, 2022, counsel for Humphreys filed a motion to quash the witness subpoena and requested that the circuit court sanction Kublan under Code § 8.01-271.1(B) for issuing the

---

[1] On May 31, 2022, father filed an amended petition for rule to show cause clarifying his position that mother's decision to enroll the child in a new school violated both the final order of divorce as well as a separate custody order. The circuit court granted father's petition and issued a new rule to show cause on June 3, 2022.

witness subpoena "while simultaneously refusing to have his client waive . . . attorney-client privilege." In accordance with the witness subpoena, Humphreys and her counsel appeared at the June 7, 2022 hearing on the rule to show cause, at which point Kublan withdrew the subpoena.[2]

The circuit court subsequently held a hearing on Humphreys' motion to sanction Kublan on June 24, 2022. During the hearing, Humphreys contended that since she could not have testified without a waiver of attorney-client privilege, and mother had refused to waive the privilege, the witness subpoena was frivolous pursuant to Code § 8.01-271.1(B). In response, Kublan argued that he had a good-faith basis for serving the witness subpoena because mother informed him that Humphreys had previously advised her that she could "go ahead and take the child out of [her current] school and put her in a different school." Kublan, however, admitted that he did not know whether Humphreys would confirm mother's claim and that he did not "want [mother] to waive attorney-client privilege" because "[he] might not want [Humphreys] to testify."

After argument on the motion for sanctions, the circuit court found that "at the heart of all of this was . . . Kublan's attempt and intention to zealously represent his client." The circuit court found that Kublan nevertheless violated Code § 8.01-271.1(B) because, absent a waiver of attorney-client privilege, "it was not well grounded in fact and existing law to issue a subpoena to an attorney when the subject of the desired testimony of the attorney . . . clearly and directly flows . . . from the attorney's representation . . . of [her] former client." The circuit court further opined that there was "not an apparent intention to provide a sufficient written waiver of attorney-client privilege" that would have allowed Humphreys to testify "about the matters that

<hr/>

[2] Kublan contends that he orally withdrew the subpoena before the June 7, 2022 hearing. Humphreys maintained, however, that, although Kublan stated that he would withdraw the subpoena, he never did so nor provided a written release.

the subpoena was intended to elicit testimony about." As a result, the circuit court ordered

Kublan to pay Humphreys' attorney fees in the amount of $1,250. Kublan appeals.

## II. ANALYSIS

### A. *Standard of Review*

"Under settled principles, we apply an abuse of discretion standard when reviewing a

sanctions award pursuant to Code § 8.01-271.1." *AV Automotive, LLC v. Gebreyessus*, 301 Va.

321, 329 (2022) (quoting *Robert & Bertha Robinson Fam., LLC v. Allen*, 295 Va. 130, 139 (2018)).

A "court's imposition of a sanction will not be reversed on appeal unless the court abused its

discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular

sanction employed." *Id.* (quoting *Switzer v. Switzer*, 273 Va. 326, 331 (2007)).

### B. *Sanctions*

Kublan contends, on brief, that his actions could not constitute a violation of Code

§ 8.01-271.1(B) and therefore the circuit court erred in sanctioning him. We disagree.

Code § 8.01-271.1(B) states:

> The signature of an attorney or party constitutes a certificate by him
> that (i) he has read the pleading, motion, or other paper, (ii) to the
> best of his knowledge, information and belief, formed after
> reasonable inquiry, it is well grounded in fact and is warranted by
> existing law or a good faith argument for the extension, modification,
> or reversal of existing law, and (iii) it is not interposed for any
> improper purpose, such as to harass or to cause unnecessary delay or
> needless increase in the cost of litigation.

Code § 8.01-271.1 further provides that "[i]f a pleading, motion, or other paper is signed or made in

violation of this section, the court . . . shall impose upon the person who signed the paper or made

the motion, a represented party, or both, an appropriate sanction." Code § 8.01-271.1(D).

This Court uses "an objective standard of reasonableness in determining whether a litigant

and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading

was well grounded in fact, warranted by existing law or a good faith argument for the extension,

- 4 -

modification, or reversal of existing law." *Gebreyessus*, 301 Va. at 330 (quoting *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 65-66 (2001)). It further resolves any doubts "in favor of the counsel and party filing the pleading." *Id.*

Kublan contends that the circuit court erred by finding that he violated Code § 8.01-271.1(B) because the witness subpoena was well grounded in fact and warranted by law. He argues that it was objectively reasonable for him to issue the witness subpoena based on mother's representation of Humphreys' advice to her regarding the underlying custody matter. He further submits that there is no general prohibition against subpoenaing a party's former counsel.

Kublan's contentions ignore the key rationale supporting the circuit court's imposition of sanctions, namely that he issued a witness subpoena to an attorney who, bound by attorney-client privilege, could not testify.[3] *See Castillo v. Commonwealth*, 70 Va. App. 394, 429 (2019) ("Virginia law recognizes that '[c]onfidential communications between attorney and client made because of that relationship and concerning the subject matter of the attorney's employment "are privileged from disclosure, even for the purpose of administering justice."'" (quoting *Commonwealth v. Edwards*, 235 Va. 499, 508-09 (1988))). Here, the record clearly demonstrates that before issuing the witness subpoena, Kublan understood that Humphreys could not testify unless mother waived her attorney-client privilege because he acknowledged that he did not want

---

[3] Kublan argues that it was not necessary for mother to waive her attorney-client privilege because Humphreys was "free to provide the exculpatory evidence on the specific issue of her legal advice" under the Virginia State Bar Rules of Professional Conduct. Kublan did not present this argument to the circuit court and consistently took the position that a waiver was necessary for Humphreys to testify. Indeed, Kublan admitted that he did not know whether Humphreys would confirm mother's claim and that he did not "want [mother] to waive attorney-client privilege" because "[he] might not want [Humphreys] to testify." Accordingly, we do not address whether a waiver of attorney-client privilege was necessary for Humphreys to testify because Kublan failed to preserve this argument for appeal. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.").

mother to waive the privilege until he determined that Humphreys' testimony would be beneficial. Hence, the circuit court correctly found that there "was not an apparent intention to provide a sufficient written waiver of attorney-client privilege" following the issuance of the subpoena. Thus, mother's refusal to waive her attorney-client privilege, and Kublan's refusal to recommend that she do so, amply supports this finding.

In conclusion, since the record supports the circuit court's finding that Kublan issued a witness subpoena to an attorney who, bound by attorney-client privilege, could not testify, we further find that an objectively reasonable person, after reasonable inquiry, could not have formed a reasonable belief that the witness subpoena was well grounded in fact. *See Gebreyessus*, 301 Va. at 330. Hence, the circuit court did not abuse its discretion by sanctioning Kublan by requiring him to reimburse Humphreys for the $1,250 of attorney fees she expended in opposing the witness subpoena frivolously issued by Kublan. Thus, the circuit court did not err.

## C. *Appellate Attorney Fees*

As a final matter, Humphreys requests, on brief, that this Court award her attorney fees and costs incurred in connection with this appeal under Rule 5A:30(b). *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "This Court has discretion to grant or deny attorney's fees incurred on appeal." *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021). "In making such a determination, the Court considers all the equities of the case." *Id.*; *see* Rule 5A:30(b)(3). After considering the record before us and the equities of the case, we deny Humphreys' request for appellate attorney fees and costs.

## III. CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.