COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference

WILLIAM R. WINTERS

                                                          OPINION BY
v.       Record No. 0060-21-2              JUDGE ROBERT J. HUMPHREYS
                                                      OCTOBER 26, 2021
CLEOME J. WINTERS

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Thomas H. Roberts (Thomas H. Roberts & Associates, PC, on
briefs), for appellant.

Robert L. Isaacs (Robert L. Isaacs, P.C., on brief), for appellee.


William R. Winters ("father") and Cleome J. Winters ("mother") were divorced by the

circuit court of the city of Richmond ("the circuit court"). They had three children together. On

May 8, 2019, the juvenile and domestic relations district court ("the J&DR court") gave mother

sole legal and primary physical custody of the children. Father appealed the J&DR court's order.

The circuit court ordered an independent psychological evaluation by a court-appointed expert,

Dr. Michele Nelson, Ph.D. ("Dr. Nelson"), to assist it in determining the best interests of the

children. It ordered the report containing Dr. Nelson's evaluation findings be sealed. Following

a hearing, the circuit court found that father violated its order by distributing the sealed

evaluation report to an unauthorized recipient. The circuit court sanctioned father by dismissing

his *de novo* appeal. The circuit court also denied a motion by father to recuse and remove

Dr. Nelson ("motion to recuse") because it found that father filed the motion in furtherance of

improper purposes. In addition, the circuit court awarded mother attorney's fees.

PUBLISHED

On appeal, father raises eight assignments of error, many of which are duplicative. He essentially argues that the circuit court erred as a matter of law by dismissing his appeal as a sanction and, further, that the circuit court lacked authority to impose any sanction whatsoever. Additionally, father argues that the circuit court erred by failing to consider his motion to remove Dr. Nelson as a court-appointed expert. Finally, father argues that the circuit court abused its discretion by awarding attorney's fees to mother.

## I. BACKGROUND

Father and mother were married, and three children were born of the marriage. On May 1, 2013, the circuit court entered a final decree of divorce and granted joint legal custody of the children to both parents with primary physical custody to mother. In 2015, father married again to Kristan Winters ("stepmother").

The parties engaged in a substantial amount of litigation regarding the custody and care of their children in the years following the divorce. On May 8, 2019, after a hearing, the J&DR court granted mother sole legal and primary physical custody of all three children with some visitation to father. Father, as a *pro se* litigant, appealed the J&DR court's order to the circuit court seeking amended custody and visitation. Notably, father represented himself for the duration of his *de novo* appeal in the circuit court, authoring and filing numerous *pro se* motions and objections.

Mother filed a motion in the circuit court for an updated custody and adult psychological assessment to which father objected. The circuit court granted the motion and appointed Dr. Nelson to perform the assessment and file a written report with the circuit court.[1] The circuit court's order stated that Dr. Nelson's report be sealed and was only to

_____

[1] The 2019 evaluation was Dr. Nelson's fourth custody and psychological evaluation of the parties since 2014. The parties had undergone previous psychological evaluations by Dr. Nelson at the behest of the J&DR court.

- 2 -

be made available to the [c]ourt, the parties, their attorneys, and the Guardian *ad Litem*, any experts . . . and any other persons as the [c]ourt decides has a proper interest herein. Neither party may publish, distribute, or in any way disseminate the contents of said [report], any test results or opinions or conclusions of Nelson to any third party using any means of communication without prior [o]rder except as authorized by this [o]rder.

Dr. Nelson conducted the evaluation, and, on November 4, 2019, she submitted a written report containing her findings to the circuit court.

On or about July 1, 2020, stepmother, who was not a party to the case, sent a thirteen-page letter to Dr. Nelson in which stepmother claimed that Dr. Nelson committed "multiple ethical violations" in her November 2019 evaluation and report. Stepmother had read the sealed report and accused Dr. Nelson of making defamatory and misleading statements and demanded that she "cease and desist." If Dr. Nelson did not "cease and desist," stepmother said she would "be forced to take appropriate legal action against [Dr. Nelson] and will seek all available damages and remedies."

Mother filed a motion to show cause against father as to why he should not be found in contempt for violating the August 27, 2019 order by disseminating the sealed report to an unauthorized party, namely, stepmother. Mother also asked the circuit court to deny father the right to call stepmother as a witness to testify on his behalf and to "[f]ine, imprison, or otherwise punish [d]efendant pursuant to this [c]ourt's contempt powers pursuant to [Code § 20-124.2(E)]." Additionally, she requested an award of attorney's fees.

Father submitted a *pro se* motion to recuse Dr. Nelson as a court-appointed psychological evaluator. Additionally, on September 18, 2020, father disclosed stepmother as an expert witness—for the first time—to the circuit court. The circuit court subsequently held a hearing where it denied father's motion to recuse and found that father had violated the circuit court's

order by distributing the written report to an unauthorized recipient. At that hearing, the circuit court stated,

> The letter from Mrs. Winters to Dr. Nelson was threatening. It was interference on behalf of a party with the court's own appointed witness. It's appalling. I've never seen anything like it. I'm going to impose the sanction of dismissing the appeal and remanding the case back to [J&DR] court. . . . This is an offense against the court and I have the authority to do that.

Father, by counsel, submitted a motion to rehear and reconsider the circuit court's dismissal of his appeal from the J&DR court. The circuit court held a hearing on the issue of mother's attorney's fees and father's motion to reconsider. It also entered a final order memorializing its earlier findings from the hearing on recusing or removing Dr. Nelson. That order read

> It appearing to the [c]ourt that the motion to recuse/remove & exclude Dr. Nelson filed by the defendant has been filed in the furtherance of and in pursuit of improper purposes, as stated by the [c]ourt *ore tenus* on September 30, 2020, it is therefore ORDERED that the motion to recuse/move and exclude Dr. Nelson filed by the defendant is hereby DENIED. And it is further ORDERED that the motion for sanctions is hereby GRANTED based on the [c]ourt's finding that defendant, William Winters, violated the [c]ourt's [o]rder of August 27, 2019[,] and that Kristan Winter's letter to Dr. Nelson amounted to interference on behalf of a party with the [c]ourt's own appointed witness. And it is further ORDERED that the appeals of the decisions of the J&DR court for the City of Richmond regarding custody, visitation and child support are hereby DISMISSED as a sanction for defendant's above described conduct.

On January 8, 2021, the circuit court issued another order, this time granting mother's request for $76,363.56 in attorney's fees and costs she incurred in the circuit court pursuant to father's appeal. The January 8, 2021 order also denied father's motion to reconsider and affirmed the circuit court's sanction of dismissal. The circuit court found that

> [Father] violated the [c]ourt [o]rder of August 27, 2019[,] by disseminating Dr. Michele Nelson's [r]eport . . . to Kristan Winters who was not an authorized recipient of the [r]eport. . . . The

- 4 -

[c]ourt concludes that Kristan Winters is not a properly designated expert for [father] because her expertise in hospice nursing is irrelevant to the issues presented in this child custody and visitation matter. The [c]ourt further rejects [father's] contention that Kristan Winters was . . . [father's] consulting expert. . . .

This appeal followed.

## II. ANALYSIS

## A. STANDARD OF REVIEW

Father explicitly assigns error to the circuit court's dismissal of his appeal as a sanction, its denial of his motion to recuse Dr. Nelson, and the circuit court's award of attorney's fees to mother. On brief, he also argues that the circuit court erred by refusing to designate stepmother a consulting expert.

"[A] court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction employed." Switzer v. Switzer, 273 Va. 326, 331 (2007). Similarly, "[w]e review the circuit court's imposition of sanctions under Code § 8.01-271.1 pursuant to an abuse of discretion standard." Williams & Connolly, L.L.P. v. People for the Ethical Treatment of Animals, Inc., 273 Va. 498, 509 (2007). Regarding the third assignment of error, "[w]hether to award attorney's fees in a divorce matter is left to the sound discretion of the trial court." Rinaldi v. Rinaldi, 53 Va. App. 61, 78 (2008). Finally, "ascertaining whether a proffered witness is qualified to testify as an expert is a determination lying within the sound discretion of the trial court." Hinkley v. Koehler, 269 Va. 82, 91 (2005) (citing Wright v. Kaye, 267 Va. 510, 520 (2004)).

B.  THE SANCTION FOR CONTEMPT

1.  Whether the circuit court had authority to dismiss father's *de novo* appeal as a sanction for disobeying a court order

Father argues both that the circuit court lacked authority to impose any sanction whatsoever and that the circuit court specifically erred as a matter of law by dismissing his appeal as a sanction.  Because these issues are closely related, we address them jointly.

In any case where custody or visitation of minor children is at issue, Code § 20-124.2(D) grants circuit courts the authority to "order an independent mental health or psychological evaluation to assist the court in its determination of the best interests of the child."  Here, pursuant to its statutory authority, the circuit court ordered a psychological evaluation to be performed.  As stated, the circuit court mandated that the evaluation report be sealed and was only to be seen by a select few people and others only as authorized by the circuit court.  Following a show cause hearing, the circuit court found as a fact that father violated that order.  This Court has previously held that "[i]n a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court."  Commonwealth *ex rel.* Graham v. Bazemore, 32 Va. App. 451, 455 (2000) (quoting Alexander v. Alexander, 12 Va. App. 691, 696 (1991)).  The offending party then has the burden of proving adequate justification for his failure to comply.  See Alexander, 12 Va. App. at 696.

The circuit court found father violated its August 27, 2019 order by disseminating the court-ordered psychological evaluation report to stepmother.  Father does not dispute that he disclosed the report to stepmother.  He argues only that the circuit court "erred as matter of law by imposing sanctions" upon him for an "alleged violation" of the August 27, 2019 order.

In direct contrast to father's assertion, the statutory scheme for court-ordered custody and visitation explicitly grants circuit courts the authority to enforce its orders.  In custody and visitation disputes

- 6 -

> [t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section . . . *including the authority to punish as contempt of court* any willful failure of a party to comply with the provisions of the order.

Code § 20-124.2(E) (emphasis added).

A plain reading of Code § 20-124.2(E) reveals that pursuant to its power to order an independent psychological evaluation, the circuit court has the authority to hold an offending party in contempt for acting in bad faith or for willful disobedience of the same order. See Bazemore, 32 Va. App. at 455 (quoting Alexander, 12 Va. App. at 696). Because father directly violated the circuit court's order, it clearly had statutory authority to hold him in contempt of court for "willful failure . . . to comply with . . . the order" and, as such, to punish him. See Code § 20-124.2(E).

In addition to the circuit court's statutory authority, it is well-established that "in the courts created by the [state] constitution, there is an inherent power of self-defense and self-preservation; that this power may be regulated but cannot be destroyed . . . that it is a power necessarily resident in, and to be exercised by, the court itself." Carter v. Commonwealth, 96 Va. 791, 816 (1899). "When one shows by his conduct a deliberate and studied effort to disobey a valid order of a court, he subjects himself to punishment for contempt." Laing v. Commonwealth, 205 Va. 511, 515 (1964). The Supreme Court of Virginia has explicitly held that "sanctions can be used to protect courts against those who would abuse the judicial process." Moscona v. Shenhar, 50 Va. App. 238, 253 (2007) (quoting Oxenham v. Johnson, 241 Va. 281, 286 (1991)), aff'd sub nom Sasson v. Shenhar, 276 Va. 611 (2008). Therefore, the circuit court possessed not only statutory authority but also inherent authority to sanction father for disobeying an order. For these reasons, the circuit court did not abuse its discretion by sanctioning father.

We next examine whether the type of sanction imposed—dismissal—was an abuse of discretion. Father argues that outright dismissal was an abuse of the circuit court's discretion not only because of its severity, but also because it involved custody and visitation and, as such, the circuit court was required to consider the best interests of the parties' three minor children.

Code § 20-124.3 states that "[i]n determining best interests of a child for purposes of determining custody or visitation arrangements . . . the court shall consider the following" and lists ten factors that, under the plain language of the statute, must be considered by the circuit court. Here, the circuit court's chosen sanction prevented it from reaching the merits of the custody and visitation issues and considering what arrangement would serve the best interests of the children. The circuit court held that it had authority to dismiss father's appeal as a punishment for his misconduct even if dismissal resulted in the subversion of the best interests of three other people, namely, the parties' three minor children.[2] We disagree. As noted by the Supreme Court of Virginia, the power of a court to sanction a litigant is not wholly unconstrained. See Switzer, 273 Va. at 333-34. In Switzer, the Supreme Court reversed this Court for dismissing an appeal as a sanction on an appellant who failed to pay a monetary sanction in another case. Id. at 333. The Supreme Court held that dismissal under the circumstances in Switzer "was an unduly severe sanction and was not narrowly tailored to

---

[2] The circuit court cited Patrick v. Byerley, 228 Va. 691 (1985), in support of its holding. In Patrick, a mother abandoned her son and the circuit court granted custody of the boy to his stepmother. 228 Va. at 693-94. The biological mother appealed. Id. at 693. On appeal, the Supreme Court of Virginia held that a child's welfare was the primary and paramount consideration in a custody controversy but that "[t]his general rule . . . is subject to the exception that 'a fit parent with a suitable home has a right to the custody of his child superior to the rights of others.'" Id. at 694. The Supreme Court held that abandonment of a child is *per se* parental unfitness and, as such, in a custody dispute between "an [unfit] parent and another, the general rule becomes operative and the child's welfare is the dominant and controlling factor."

Here, the exception carved out by Patrick does not apply. The custody dispute in the instant case is between two biological parents, and the fitness of either is not at issue. Thus, the "general rule" is operative.

correct the problem presented." Id. "As a standard, the Court ruled 'the imposition of a particular sanction must be sufficient to deter [the offending] practices,' and the imposition of the sanction requires the exercise of judicial discretion." Moscona, 50 Va. App. at 253 (alteration in original) (quoting Switzer, 273 Va. at 331).

This view toward a case-by-case review of sanctions for contempt imposed in lower courts is not unique to the Commonwealth. Other jurisdictions agree that "[c]ourts must . . . evaluate the appropriateness of any given sanction, especially the 'draconian' sanction of dismissal." Greyer v. Ill. Dep't of Corr., 933 F.3d. 871, 877 (7th Cir. 2019). Other courts have held that dismissal as a sanction for discovery violations was an abuse of discretion where there was no judicial determination that willfulness or bad faith were present. See White v. White, 509 So. 2d 205, 209 (Miss. 1987). Similarly, dismissal was found to be an abuse of discretion where the lower court's decision was based upon "a single alleged untruthful response in an interrogatory." See Wood v. Biloxi Pub. Sch. Dist., 757 So. 2d. 190, 191 (Miss. 2000).

It is important to note that we do not suggest dismissal of a case can never be an appropriate sanction for misconduct or disobedience of a court order. In a custody modification proceeding, due consideration is owed to the statutorily required examination of the children's best interests; however, such examination does not curtail the authority of the trial court to dismiss the action. We only hold that it was inappropriate for the circuit court to do so in this case because the dismissal of the case was an unduly severe sanction for misconduct tangentially related to the underlying suit and was not narrowly tailored to correct father's improper disclosure of the sealed report. Furthermore, where, as here, there are children who are entitled to have their best interests considered and may be prejudiced by the extreme punishment of dismissal of the case, it is not an appropriate sanction.

However, our conclusion that the sanction in this case was inappropriate does not mean that a more measured sanction would be equally inappropriate. Ultimately, and as mother's motion for sanctions specifies, the circuit court had a variety of alternative sanctions at its disposal that would have sufficiently punished and deterred further violations of the circuit court's orders without impacting the statutory rights of the children of the parties. Among those alternative options were the imposition of reasonable attorney's fees, a "leave of court" requirement in which father would have to obtain permission from the court before filing further pleadings, limiting production of father's evidence, imposition of a monetary fine, or even incarceration. Thus, there were sanctions available to the circuit court that would not have affected the right of the children in this case to have their best interests considered by the circuit court. Indeed, although the record does not clearly reflect that it was a sanction for misconduct, the circuit court also ordered father to pay $76,363.46 for mother's attorney's fees.

In summary, we hold that under the specific circumstances of this case, the circuit court abused its discretion by imposing the penalty of dismissal and we remand for reconsideration of the sanction for father's disobedience of the circuit court's order.

2. <u>Whether the circuit court erred in failing to deem stepmother an expert witness</u>

Several months after stepmother sent Dr. Nelson the threatening letter, father disclosed stepmother as an expert for the first time. Father argued that, as such, she had permission to look at the sealed report pursuant to the terms of the August 27, 2019 order. However, the circuit court found that stepmother was "not a properly designated expert for [father] because her expertise in hospice nursing is irrelevant to the issues presented in this child custody and visitation matter." In his assignment of error, father argues that the circuit court erred "as a matter of law" by imposing sanctions for an "alleged violation" of an order "where [father]

disclosed the psychological evaluation report of [Dr. Nelson] to his consulting and testifying expert witness[,] [stepmother]."

Although not clearly stated in his assignment of error, father argues on brief that stepmother was a valid "consulting expert," contrary to the circuit court's finding. "Whether to qualify a witness as an expert rests largely within a trial court's discretion." Tazewell Oil Co. v. United Va. Bank, 243 Va. 94, 110 (1992). "The record must show that the proffered expert witness has sufficient knowledge, skill, or experience to render him competent to testify as an expert on the subject matter of the inquiry." Combs v. Norfolk & W. Ry. Co., 256 Va. 490, 496 (1998). The fact that a witness is an expert in one field does not make him an expert in another field, even though that field is closely related. See id. Additionally, appellate courts have long held that "the expressed belief of a witness that he is an expert does not *[i]pso facto* require his qualification." Noll v. Rahal, 219 Va. 795, 800 (1979).

A circuit court can abuse its discretion one of three ways: if a relevant factor that should have been given significant weight is not considered, if an irrelevant or improper factor is considered and given significant weight, or if all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment. See Lawlor v. Commonwealth, 285 Va. 187, 213 (2013). Father does not argue that the circuit court abused its discretion under any of the three Lawlor standards. Instead, he asserts that despite the circuit court's refusal to admit stepmother as an expert, she was nevertheless permitted by the terms of the order to see the report because she was a "consulting" expert for father. Father offers no discernable legal support for such an exception.

It is clear from the record that stepmother was expected to testify about her personal disagreement with the contents of Dr. Nelson's report. The record does not show that stepmother possessed "sufficient knowledge, skills, or experience" to render her "competent to

testify as an expert on the subject matter of the inquiry." See Combs, 256 Va. at 496. The fact that stepmother works as a nurse in hospice care does not transform her personal opinion about Dr. Nelson's report into the type of specialized knowledge regarding parental custody and visitation disputes required of expert witnesses in custody and visitation cases. Here, where the subject matter of the inquiry is parental custody and visitation of minor children, the circuit court did not abuse its discretion in concluding that stepmother's expertise was irrelevant and refusing to designate her as an expert.

3. Whether the circuit court erred by "failing to consider" father's motion to recuse Dr. Nelson

After the circuit court became aware of stepmother's letter to Dr. Nelson, father filed a motion to recuse Dr. Nelson as an evaluator. The circuit court denied the motion, finding that father filed it "in the furtherance of and in pursuit of improper purposes." In his assignments of error, father asserts that the circuit court erred by "failing to consider" his motion to recuse Dr. Nelson for, *inter alia*, bias, conflicting interest, and impropriety.

The record clearly establishes that the circuit court, did, in fact, consider father's motion. On September 30, 2020, the circuit court held a hearing on the motion at which father, *pro se*, argued directly to the court; the transcript of father's oral argument in the record spans twelve pages.

Following that hearing, the circuit court subsequently entered a written order that denied father's motion to recuse Dr. Nelson and found that father "filed [the motion] in the furtherance of and in pursuit of improper purposes." Father's assertion that the circuit court did not review his motion to recuse Dr. Nelson is unsupported in light of the ample evidence in the record to the contrary, and in any event, a circuit court is entitled to dismiss any motion made in furtherance of an improper purpose.

For these reasons, the circuit court did not err by "failing to consider" father's motion to recuse Dr. Nelson.

4. Whether the circuit court erred and abused its discretion by awarding attorney's fees to mother

Father argues that the circuit court erred by awarding attorney's fees to mother because "based upon the equities of the case . . . the court should have ruled in favor of William Winters." His assignment of error accuses the circuit court of "failing to use and apply the appropriate standard, *inter alia*, failing to reduce the fees for services that were on the record neither necessary nor appropriate." However, on brief, father cites only the standard of review for awarding attorney's fees; he does not provide any legal support for his contention that "the award of attorney's fees in this case was founded on legal error."

We need not reach the merits of father's argument because Rule 5A:20(e) requires an appellant's opening brief to contain the standard of review and the argument, including applicable principles of law and authorities, in support of each of his assignments of error; unsupported assertions of error do not merit appellate consideration. See Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992). An appellant's failure to strictly adhere to the requirements of Rule 5A:20(e) permits this Court to treat an issue as waived. See Parks v. Parks, 52 Va. App. 663, 664 (2008). Here, father's assignment of error regarding the attorney's fees is waived because he failed to meet Rule 5A:20(e)'s requirements. Father's failure is particularly notable because in its January 8, 2021 order, the circuit court explained its reasoning and the legal authority for its decision to award attorney's fees in detail as follows:

> Based on the [c]ourt's discretion to determine whether to award attorney fees and the amount of attorney fees to award, Ingram v. Ingram, 225 S.E.2d 362, 364 (Va. 1976), and the [c]ourt's consideration of "the circumstances of the parties" and "the equities of the entire case," Tyszcenko v. Donatelli, 670 S.E.2d 49, 57 (Va. Ct. App. 2008), [p]laintiff's [m]otion for [a]ttorney [f]ee [sic] is GRANTED. Guided by the factors set forth by the Virginia

- 13 -

Supreme Court in <u>Chawla v. BurgerBusters, Inc.</u>, 499 S.E.2d 829, 833 (Va. 1998), regarding the reasonableness of attorney fees, this [c]ourt will permit [p]laintiff to recover attorney fees from [d]efendant . . . .

The circuit court cited multiple cases in support of its award of attorney's fees, any of which father could have disputed the application of, but instead, he made unfounded, generalized statements that are clearly not arguments consisting of "principles of law and authorities" as required by Rule 5A:20(e).

For these reasons, we affirm the circuit court's order granting mother attorney's fees.

5. <u>Attorney's fees on appeal</u>

Both parties request that this Court award them their attorney's fees incurred on appeal. <u>See</u> Rule 5A:30(b)(1) ("In any case where attorney fees are recoverable under Title 16.1 or Title 20 relating to . . . custody, spousal or child support, or the control or disposition of a juvenile and other domestic relations cases arising under Title 16.1 or Title 20 . . . a party may request an award of attorney fees incurred in the appeal of the case . . . ."). Pursuant to our authority "to . . . determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment," in light of the circuit court's error, we find that this appeal was not frivolous and deny both parties' requests for appellate attorney's fees. <u>See</u> <u>Robinson v. Robinson</u>, 50 Va. App. 189, 198 (2007) (quoting <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996)).

III. <u>CONCLUSION</u>

In conclusion, for the reasons stated above, the circuit court erred by dismissing father's appeal but did not err by concluding that a sanction was appropriate, by failing to consider his motion to recuse Dr. Nelson, in refusing to admit stepmother as an expert, or in awarding mother

her attorney's fees.  We affirm in part and reverse in part and remand for further proceedings consistent with this opinion.

<u>Affirmed in part, reversed in part and remanded</u>.
